In re UNR INDUSTRIES, INC., Unarco Industries, Inc., UNR, Inc., UNR–Rohn, Inc., (Alabama), UNR–Rohn, Inc., (Indiana), Dart, Inc., Jobal Tube Co., Inc., National Plastics, Inc., UNR Products, Inc., Leavitt Structural Tubing Co., and Folding Carrier Corporation, Debtors.

TRIDENT STEEL CORPORATION, a Missouri corporation, Plaintiff,

v.

UNR, INC., a Delaware corporation, d/b/a UNR–Leavitt Division of UNR, Inc., Defendant.

Bankruptcy Nos. 82 B 9841 to 82 B 9851 and 83 A 66.

United States Bankruptcy Court, N.D. Illinois, E.D.

Sept. 13, 1985.

Schwartz, Cooper, Kolb & Gaynor, Chtd., Chicago, Ill., for debtors.

Schwartz & Freeman, Chicago, Ill., and Peper, Martin, Jensen, Maichel & Hetlage, Washington, D.C., for plaintiff.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause coming on to be heard upon the First Amended Complaint to Modify Automatic Stay filed by Plaintiff, TRIDENT STEEL CORPORATION, represented by SCHWARTZ & FREEMAN, and by PEPER, MARTIN, JENSEN, MAICHEL and HETLAGE, and upon the Motion to Dismiss Plaintiff's Amended Complaint filed by Debtor, UNR, INC., represented by SCHWARTZ, COOPER, KOLB & GAYNOR, CHTD., and the Court, having considered the record in these cases and the pleadings on file, and having examined the Memoranda of Law filed by the parties in support of their respective positions, and

having afforded the parties an opportunity for hearing, and having found that this cause constitutes a core proceeding, 28 U.S.C. § 157, and being fully advised in the premises;

The Court Finds:

1. On July 29, 1982, Debtor UNR, Inc. and the other above-entitled Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Since that date, Debtors have continued to operate their businesses and manage their properties as debtors-in-possession.

2. Prior to 1970, some of the above Debtors or their predecessor corporate entities were involved in the manufacture and sale of products containing asbestos fiber. Exposure to these products has been implicated as a cause of several forms of serious and debilitating asbestos-related disease. Although Debtors ceased their dealings with asbestos product in the early 1970's, there were approximately 17,000 asbestos-related tort or wrongful death cases pending against them on July 29, 1982, when these bankruptcy proceedings commenced. In addition, Debtors anticipate that between 30,000 and 120,000 new asbestos-related tort and wrongful death cases may be filed against them between now and the early twenty-first century, as individuals who have already been exposed to asbestos or asbestos product begin to manifest disease symptoms.

3. The expense involved in defending the 17,000 asbestos-related tort and wrongful death suits pending against Debtors on July 29, 1982, had much to do with Debtors' institution and maintenance of these bankruptcy proceedings.

4. On January 7, 1983, Plaintiff filed a Complaint against Debtor UNR, Inc. seeking relief from the section 362(a) automatic stay, 11 U.S.C. 362(a). Plaintiff, with leave of Court, filed an Amended Complaint on February 4, 1983, in which it sought authority to file a two-count Complaint against Debtor in the United States District Court for the Eastern District of Missouri, Eastern Division, alleging breach of contract arising from an agreement for the sale of oil well casing pipe manufactured by Debtor.

5. Debtor filed a Motion to Dismiss Plaintiff's First Amended Complaint on February 22, 1983.

6. Plaintiff contends that sufficient "cause" exists for the entry of relief from the section 362(a) automatic stay because: (1) the prosecution of Plaintiff's contract action allegedly will not interfere with the major purpose of Debtor's bankruptcy case, which is to obtain protection from asbestos-related tort and wrongful death liability; (2) the prosecution of Plaintiff's claim in the Missouri forum would serve judicial economy, as most witnesses involved in the matter reside outside the Northern District of Illinois; (3) the entry of relief from the automatic stay would eliminate concerns with reference to this Court's subject matter jurisdiction over Plaintiff's claim; (4) the Court may reserve jurisdiction over Plaintiff's claim to subsequently review the findings of fact and conclusions of law which may be entered by the Missouri tribunal; and (5) that a prompt resolution of Plaintiff's claim in a Missouri tribunal would resolve questions concerning the ownership of goods manufactured by Debtors which are in Plaintiff's possession, thereby preventing further depreciation and waste of such property.

7. In its Motion to Dismiss, Debtor states that Plaintiff has failed to plead facts sufficient to demonstrate "cause" for entry of relief from the automatic stay, as required by section 362(d)(1) of the Bankruptcy Code. 11 U.S.C. § 362(d)(1).

The Court Concludes and Further Finds:

1. It is well established that on a motion to dismiss, "a complaint must be construed in the light most favorable to the plaintiff, the allegations thereof being taken as true; and, if it appears reasonably conceivable that at trial the plaintiff can establish a set of facts entitling him to some relief, the complaint should not be dismissed." *Mathers Fund, Inc. v. Colwell Co.*, 564 F.2d 780, 783 (7th Cir.1977). It does not necessarily follow, however, that the above prin-

ciple requires the trial of cases where the cause of action alleged is substantively deficient. *Havoco of America, Ltd. v. Shell Oil Co.,* 626 F.2d 549, 553 (7th Cir.1980); *Pahlke v. Granberg, In re Granberg,* 39 B.R. 687, 689 (Bankr.N.D.Ill.1984).

2. Debtor's institution of these voluntary Chapter 11 bankruptcy proceedings on July 29, 1982, operated as a stay against the commencement of the civil litigation proposed by Plaintiff against Debtor in the United States District Court for the Eastern District of Missouri, Eastern Division. 11 U.S.C. § 362(a)(1).

3. Plaintiff was entitled to request relief from this automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code, 11 U.S.C. § 362(d)(1), which provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

4. The proponent of a request for relief from the section 362(a) automatic stay bears the initial burden to establish "cause" warranting entry of such relief. Once such initial showing has been made by the creditor, the burden lies with the debtor to demonstrate its entitlement to the continuation of the stay. *In re Curtis,* 40 B.R. 795, 802–803 (Bankr.D.Utah 1984); *Clark Equipment Credit Corp. v. Kane (In re Kane),* 27 B.R. 902, 905 (Bankr.M.D. Pa.1983); *Roaring Brook Township v. Philip Soltoff Associates,* 1 B.R. 180, 182 (Bankr.E.D.Pa.1979); 2 L. King, *Collier on Bankruptcy* ¶ 362.10 (15th ed. 1985).

5. Courts have modified or lifted the section 362(a) automatic stay to permit the continuance of a civil suit involving a debtor where (1) no "great prejudice" to either the debtor or the bankruptcy estate would result from the continuance of the civil action; and (2) the hardship to the plaintiff caused by the continuance of the stay considerably outweighs the hardship caused to the debtor by modification of the stay. *Holtkamp v. Littlefield (In re Holtkamp),* 669 F.2d 505, 508 (7th Cir.1982); *In re McGraw,* 18 B.R. 140, 142 (Bankr.W.D.Wis. 1982).

6. Resolution of the issues involved in Plaintiff's claim would not involve or require the specialized expertise of a bankruptcy tribunal.

7. The liquidation of Plaintiff's claim may be more conveniently determined in a bankruptcy tribunal pursuant to section 502 of the Bankruptcy Code, 11 U.S.C. § 502, in conjunction with the liquidation of other disputed, unliquidated tort and contract claims, including asbestos-related claims which pend against the Debtor.

8. There is no suggestion in the record that Debtor may possess insurance coverage with reference to breach of contract claims asserted against it.

9. "The facts of each request [for relief from the automatic stay] will determine whether relief is appropriate under the circumstances." H.R.Rep. 95–595, 95th Cong., 2d Sess. 344, *reprinted in* 1978 U.S. Code Cong. & Ad News 5787, 5963, 6300. The Court is obliged to consider the facts of Plaintiff's request for relief from the stay, within the context of the entire UNR bankruptcy litigation. The Court considers the fact that this bankruptcy litigation has now entered its third year.

10. In its pleadings, Plaintiff recognizes that the Chapter 11 case of Debtor UNR, Inc. and the other above-entitled Debtors revolves around the ultimate disposition of their potential asbestos-related tort and wrongful death liability to past, present and future asbestos disease victims. Debtor's insurance carriers have disputed their liability for damages and litigation costs associated with these asbestos-related claims. If the Court were to allow Plaintiff's request for relief from the stay with reference to its breach of contract claim, Debtor would be required to defend itself against Plaintiff's claim in a foreign court using funds which would otherwise be available for distribution to all of Debtor's

creditors in a plan or plans of reorganization. If the Court were to allow Plaintiff's request for relief from the stay, the Court could not, in fairness, deny such relief to other creditors involved in these procedurally consolidated cases who, like Plaintiff, possess disputed unsecured claims against the Debtor.

■ 11. "The purpose of the automatic stay is to preserve what remains of the debtor's insolvent estate and to provide a systematic equitable liquidation procedure for all creditors, secured as well as unsecured, [citation], thereby preventing a 'chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts.'" *Holtkamp v. Littlefield (In re Holtkamp)*, 669 F.2d 505, 508 (7th Cir.1982). Under all the circumstances of this case, the Court considers that the allowance to Plaintiff of relief from the automatic stay would be inconsistent with the fundamental policies which underlie section 362(a) of the Bankruptcy Code. Plaintiff's presentation in support of its First Amended Complaint to Modify Automatic Stay is insufficient to establish the existence of "cause" for the entry of relief from the section 361(a) automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code. 11 U.S.C. § 362(d)(1). Debtor's presentation in opposition to Plaintiff's First Amended Complaint To Modify Automatic Stay is sufficient to establish its continued entitlement to the protections afforded by the section 362(a) automatic stay. Debtor's Motion To Dismiss Plaintiff's First Amended Complaint To Modify Automatic Stay is sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion of Debtor, UNR, INC., to Dismiss the First Amended Complaint For Relief From Automatic Stay filed by Plaintiff, TRIDENT STEEL CORPORATION, be, and the same is hereby sustained.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff, TRIDENT STEEL CORPORATION, be, and the same is hereby granted leave to file a Second Amended Complaint within forty-five days following the effective date of this Order; and that Debtor, UNR, INC. shall answer or otherwise plead to such Second Amended Complaint within thirty days after such Complaint is filed.