In re Maurice J. KAUFMAN and Mary Louise A. Kaufman, Debtors.

Bankruptcy No. 88–21326T.

United States Bankruptcy Court, E.D. Pennsylvania.

April 7, 1989.

John R.K. Solt, Brown, Brown, Solt & Krouse, Allentown, Pa., for movants.

David F. Dunn, Allentown, Pa., for debtors.

## OPINION

THOMAS M. TWARDOWSKI, Chief Judge.

Before the court is a motion filed by Stewart Title Guaranty Company and Stewart of Pennsylvania, Inc. ("movants") requesting relief from the automatic stay under 11 U.S.C. § 362(d)(1) so that a state court action pending pre-petition may proceed to judgment. As we find relief from the stay appropriate, we grant movants'

motion. A brief recitation of the facts follows.[1]

Prior to debtors' bankruptcy filing, movants obtained a default judgment against debtors in state court. Debtors filed a petition to open the judgment on which argument was scheduled for October 4, 1988 before the state court. Argument was stayed, however, when debtors filed their Chapter 13 petition on September 13, 1988.[2]

Movants request relief from the stay under 11 U.S.C. § 362(d)(1) for the limited purpose of allowing the state court to determine the validity of their judgment by ruling on the petition to open. Movants allege that they will not execute on the judgment if upheld. In support of their position movants argue that the matter was pending in state court pre-petition, that depositions had been taken and briefs filed with the state court and that all that remained to occur was oral argument when debtors filed their Chapter 13 petition. Movants further allege that the matter could be handled more expeditiously in state court since that court is more familiar with the case.

We find that this case falls within the category of decisions which recognize that relief from the stay is justified to enable a case pending pre-petition in state court to continue to judgment where no great prejudice to the bankruptcy estate would result. *See, In re Wilson,* 85 B.R. 722 (Bankr.E.D. Pa.1988); *Brodsky v. Philadelphia Athletic Club, Inc. (In re Philadelphia Athletic Club, Inc.),* 9 B.R. 280 (Bankr.E.D.Pa. 1981). As stated by Judge Fox in *In re Wilson, supra,* at 728: "...it is within the sound discretion of Bankruptcy courts to grant relief from the automatic stay when the bankruptcy petition was filed on the eve of the resolution of pending pre-petition litigation."

Instantly, debtors' bankruptcy petition was filed shortly before argument was to be held on the petition to open. Given the advanced stage of the state court litigation, we find relief from the stay appropriate since debtors have not established that prejudice will result to the bankruptcy estate if relief is granted. Accordingly, we grant movants' motion.

An appropriate order will follow.

---

1. A hearing was held on this matter on March 7, 1989 and briefs were ordered. Movants' brief was filed on March 21, 1989. Debtors' brief has yet to be filed, even though it was due on March 31, 1989.

2. In their bankruptcy schedules debtors list movants as secured creditors with disputed claims.