**In re Maurice Edward COLLINS and Helen Virginia Collins, Debtors.**

**ARNOLD DEVELOPMENT, INC., Movant,**

**v.**

**Maurice Edward COLLINS and Helen Virginia Collins, Respondents.**

**Bankruptcy No. 90–5–1230–JS.
Motion No. M90–1168–JS.**

United States Bankruptcy Court, D. Maryland.

Aug. 28, 1990.

---

R. Greg Wright, Paley, Rothman, Goldstein, Rosenberg & Cooper, Bethesda, Md., for Arnold Development, Inc., movant.

Alexander Gordon, IV, Easton, Md., for Maurice Edward Collins and Helen Virginia Collins, respondents.

## MEMORANDUM OPINION DENYING MOTION TO MODIFY AUTOMATIC STAY

JAMES F. SCHNEIDER, Bankruptcy Judge.

The instant motion to modify automatic stay came before the Court at a hearing on July 27, 1990. For the reasons set forth in this opinion, the motion will be denied.

FINDINGS OF FACT

1. On March 23, 1990, Maurice Edward Collins and Helen Virginia Collins, his wife, filed the instant Chapter 12 bankruptcy petition in this Court.

2. On that date there was pending against the debtors a complaint for specific performance brought by the Arnold Development Co., Inc. in the Circuit Court for Talbot County, Maryland.

3. The complaint was brought to specifically enforce a contract dated March 4, 1988 for the sale of approximately 40 acres of real estate located in Talbot County, Maryland for a purchase price of $850,000.

4. Upon execution of the contract, Arnold Development issued to the sellers a check in the amount of $100,000 as a deposit for the sale.

5. Although Mr. and Mrs. Collins and Arnold Development attended the closing on the contract, the Collinses unexpectedly failed to return to the closing after lunch.

6. The suit brought by Arnold Development in the Circuit Court for Talbot County was dismissed by the court on a motion for summary judgment because the corporation had failed to maintain its corporate charter when the contract was executed. The court held that the contract was null, void and unenforceable.

7. Both sides took appeals to the Maryland Court of Special Appeals, but before that court rendered a decision the case was brought before Maryland's highest court, the Court of Appeals, which *sua sponte* issued a writ of *certiorari*. In a published opinion dated January 9, 1990, the Court of Appeals reversed the decision of the circuit court, holding (1) that the granting of summary judgment was error because of the existence of a number of material facts in dispute between the parties, including the parties' intentions regarding the identity of the buyer and other issues of fraud, deception and bad faith, and (2) that the contract was not null and void and unenforceable merely because the corporate charter of the purchaser had been forfeited, because the charter had in fact been reinstated before the trial court granted summary judgment and such reinstatement related back to the date the contract of sale was executed. The case was remanded for trial to the Circuit Court for Talbot County. *Arnold Developer v. Collins*, 318 Md. 259, 567 A.2d 949 (1990).

8. A pretrial conference was held on January 25, 1990 by the circuit court which was attended by Arnold and the Collinses. A pretrial hearing was scheduled to take place on June 14, 1990 followed by a trial

on the merits on November 26, 1990, but the debtors filed bankruptcy on March 23, 1990.

9. On June 12, 1990, Arnold Development filed the instant motion to modify stay to permit the litigation still pending in the Circuit Court for Talbot County to proceed to trial. The motion came on for hearing in the bankruptcy court on July 27, 1990, at which time the Court expressed its oral opinion that the motion ought to be denied, but reserved final judgment in order to consider the movant's pretrial memorandum. Having now done so, the Court will formally deny the instant motion to modify the automatic stay.

CONCLUSIONS OF LAW

1. A "motion to terminate, annul or modify the automatic stay" is a "core proceeding" arising under Title 11 of the United States Code which the bankruptcy court may hear and determine. 28 U.S.C. § 157(b)(1), (b)(2)(G) (1988).

2. The issue in this case is whether the bankruptcy court should modify the automatic stay to permit the movant's complaint for specific performance to proceed to trial in the state court or whether the motion should be denied so that this Court may decide whether the debtors may reject the sale agreement as an executory contract. This is clear from the memorandum filed in support of the motion to modify stay. The memorandum's premise is that the stay should be lifted because the contract at issue between the parties is not executory and therefore cannot be rejected by the debtors (or in the alternative, that even if the contract is executory, its rejection should be denied). Although this is alleged by the movant to be "good cause" to lift the automatic stay under Section 362(d)(1) of the Bankruptcy Code, the Court rejects the argument.

3. To modify the automatic stay on the grounds alleged by the movant would require this Court to prejudge the facts in this case and would necessarily result in a duplication of effort by this Court and by the state circuit court. Assuming that the stay were lifted, the parties would be put to the cost of trying their state court suit and possibly pursuing another appeal, and then, depending upon the result, returning to this Court to try the debtors' motion to reject the contract as executory.

4. It is much more logical for the parties to litigate the issue in this forum, which has subject matter jurisdiction over motions to reject executory contracts. If it should be determined that the agreement in question is an executory contract, then the Court will be confronted with the task of deciding whether to authorize its rejection. At this time, that issue is not properly before this Court.

5. The movant has cited the cases of *In re Meehan*, 46 B.R. 96 (Bankr.E.D.N.Y. 1985) and *In re Pribonic*, 70 B.R. 596 (Bankr.W.D.Pa.1987), ostensibly in support of its position. The Court finds them to be inapposite to the facts of the instant case. Both decisions granted motions to lift the automatic stay to permit purchasers to enforce prepetition state court decrees against the debtors for the specific performance of real estate contracts. Because final decrees had been issued before the bankruptcy petitions were filed in both cases, the decisions were also based on the legal conclusion that the contracts at issue were no longer executory and were therefore not subject to rejection by the debtors in the bankruptcy court. 46 B.R. at 98; 70 B.R. at 599–605. In the case *sub judice*, the debtors filed their Chapter 12 bankruptcy petition *before* the entry of any decree of the state court for specific performance. Under the circumstances, the debtors ought to be afforded the opportunity to avail themselves of the rehabilitative features of the Bankruptcy Code. There is no cause to lift the automatic stay in the context of the present case, as contrasted with the cases cited by the movant.

6. On the issue of whether to lift the stay to permit pending litigation to proceed in another court, the leading case of *In re Curtis*, 40 B.R. 795 (Bankr.D.Utah 1984) supports the decision not to lift the stay in this case. In *Curtis*, Bankruptcy Judge John H. Allen set forth the following 12 factors to be considered in rendering such a decision:

(1) Whether the relief will result in a partial or complete resolution of the issue.

(2) The lack of any connection with or interference with the bankruptcy case.

(3) Whether the foreign proceeding involves the debtor as a fiduciary.

(4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases.

(5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation.

(6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question.

(7) Whether litigation in another forum would prejudice the rights of other creditors, the creditors' committee and other interested parties.

(8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c).

(9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f).

(10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties.

(11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.

(12) The impact of the stay on the parties and the "balance of hurt."

40 B.R. at 799–800.

7. *Consideration of the 12 factors.* Trial in the state court will not necessarily end this litigation, but a decision by this Court on the executory contract issue will do so. This issue is central to the bankruptcy case and will determine whether or not its outcome is a success or failure. While the decision necessarily involves the application of state law, this Court has subject matter jurisdiction and the necessary expertise to render it. (The fifth, sixth, seventh, eighth and ninth factors do not appear to apply to the instant case.)

The cause of "judicial economy and expeditious and economical determination of litigation for the parties" will be best served if the motion is denied and the parties litigate in the bankruptcy court. The case in the state court has not proceeded to trial and does not appear to be ready to do so. The decision rendered in the state court was upon a summary judgment motion, and the parties do not appear to have commenced discovery. The impact of the continuation of the stay on the movant will not be great where (1) the movant has already been delayed for more than two years in the enforcement of its contract, (2) this Court is in a position to render a more expeditious trial than the state court and (3) the balance of hurt will impact more heavily upon the debtors if the stay is lifted than upon the movant if it is not. For all of these reasons, the motion will be denied.

ORDER ACCORDINGLY.