**In re MURRAY INDUSTRIES, INC., et al., Debtor.**

**In re MURRAY INDUSTRIES, INC., Plaintiff,**

v.

**ARISTECH CHEMICAL CORPORATION, Defendant.**

**Bankruptcy Nos. 88–7473–8P1, 88–7478–8P1 and 88–7487–8P1. Adv. Nos. 90–251 to 90–253.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 26, 1990.

John K. Olson, Tampa, Fla., for plaintiff.

Patrick Patrissi, Miami, Fla., for defendant.

ORDER ON MOTION FOR RELIEF FROM STAY, MOTION TO ABSTAIN, AND MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THESE are three related Chapter 11 cases which have been substantively consolidated with thirteen other related Chapter 11 cases. The matters under consideration are Motions for Relief from Stay, Motions To Dismiss and Motions To Abstain, all filed by Aristech Chemical Corporation (Aristech) in the above-captioned cases and adversary proceedings. All of the Motions

are based on the same set of facts which are as follows.

In April 1986, Aristech filed a four-count Complaint, later amended, against Murray Industries, Inc. (Murray), and against its affiliates, Murray Chris–Craft Sportboats, Inc. (Sportboats), Murray Chris–Craft Cruisers, Inc. (Cruisers), and Murray Chris–Craft Sportdecks, Inc (Sportdecks). In Count I, Aristech sought to collect on unpaid invoices which Murray's subsidiary, Sportboats, owed Aristech in the amount of $53,341.20, the payment of which was also guaranteed by Murray. In Count II, Aristech sought to collect on unpaid invoices which Murray's subsidiary, Cruisers, owed Aristech in the amount of $369,873.00, the payment of which was also guaranteed by Murray. In Count III, Aristech sued to collect on unpaid invoices which Murray's subsidiary, Sportdecks, owed Aristech in the amount of $113,595.50, the payment of which had been guaranteed by Murray. Finally, in Count IV, Aristech sued Murray to collect on unpaid invoices in the amount of $34,744.05 which, according to Aristech, Murray owed to Aristech.

Murray and the other defendants filed counterclaims against Aristech in the state court action, which was pending for two and one-half years when these Debtors filed their Petitions for Relief under the Bankruptcy Code. In their counterclaims, they alleged that the resins supplied by Aristech were defective and resulted in damages to more than 200 boats manufactured and sold by the Debtors. In the present instance, Aristech seeks relief from the automatic stay in order to be permitted to proceed against these Debtors in the state court action, and it argues that there is "cause" which would warrant to grant the relief it seeks under § 362(d)(1) of the Bankruptcy Code.

Upon the commencement of the Chapter 11 cases involving these Debtors, all further proceedings in the State Court action came to a halt due to the imposition of the automatic stay pursuant to § 362(a) of the Bankruptcy Code. Aristech did timely file proofs of claim in the respective case of each of the Debtors, and the Debtors filed objections to these proofs of claim. In addition to objecting to Aristech's claims, the Debtors also filed adversary proceedings against Aristech and asserted claims identical to the counterclaims which they filed against Aristech in the state court action. These adversary proceedings are based on Aristech's alleged breach of express warranty, breach of implied warranty, and negligence. In each of these adversary proceedings, Aristech filed a Motion To Dismiss, as well as a Motion To Abstain.

Aristech seeks relief from the automatic stay pursuant to § 362(d)(1) of the Bankruptcy Code which provides in pertinent part as follows:

(d) On request of a party in interest and after notice and a hearing, the court should grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; ....

The term "cause" is not defined in the Bankruptcy Code, and whether cause exists to lift the stay must be decided on a case-by-case basis. *In re MacDonald*, 755 F.2d 715, 717 (9th Cir.1985). Allowing a matter to proceed to another forum may constitute "cause" to lift the stay. *In re Valley Kitchens, Inc.*, 58 B.R. 6 (Bankr.S. D.Ohio 1985); *In re Towner Petroleum Co.*, 48 B.R. 182 (Bankr.W.D.Okla.1985). A Senate Report noted: [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere. Senate Rep. No. 989, 95th Cong., 2d Sess., 50, *Reprinted in* (1978) U.S.Code Cong. & Ad.News 5787, 5836.

Whether to grant relief from the stay to allow litigation to continue in another forum is within the sound discretion of the Bankruptcy Court. *In re Castlerock Properties*, 781 F.2d 159 (9th Cir.1986). In determining whether to lift the automatic

stay, the courts have generally considered the prejudice to the debtor's reorganization efforts, conservation of judicial resources, and prejudice to the movant. *See generally, In re Holtkamp*, 669 F.2d 505 (7th Cir.1981); *In re UNR Industries, Inc.*, 54 B.R. 263 (Bankr.M.D.Ill.1985).

█ In balancing the equities involved, this Court is satisfied that it is appropriate to lift the stay to permit Aristech to proceed with its case in state court. While this Court recognizes that lifting the stay will present some hardship to these Debtors, this Court is of the opinion that to begin this litigation anew in this bankruptcy court would result in more of a hardship to the Movant and would certainly result in a waste of judicial resources. This litigation has been proceeding for an extended period of time; to force the Movant to duplicate all of its efforts in the bankruptcy court is both unfair and wasteful.

In sum, this Court is satisfied that it is appropriate to lift the stay for the purpose of permitting Aristech to continue with its lawsuit against Murray Industries, Inc. in the state court. However, if Aristech gets a judgment in state court, it cannot collect on that judgment; instead, it must file a claim in this Court and be treated like any other creditor. Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Relief from Stay filed by Aristech Corporation in Cases Nos. 88–7473, 88–7478, and 88–7487 is granted for the limited purpose of permitting Aristech to proceed against the Debtors in state court. Further, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion To Dismiss the counterclaims which were filed by Murray is denied as moot. Additionally, in light of the foregoing, this Court is satisfied that the Motions to Abstain which were filed by Aristech in Adversary Proceedings Nos. 90–251, 90–252, and 90–253 are rendered moot.

DONE AND ORDERED.