**In re Vincent H. LAMBERJACK dba Lamberjack's Marina, Debtor.**

**Bankruptcy No. 92–32329.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Oct. 9, 1992.

Frank A. Justen, Sylvania, OH, for movant.

L. Mari Taoka, Toledo, OH, for debtor.

## OPINION AND ORDER GRANTING MOTION FOR RELIEF FROM STAY

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter came on for hearing upon motion of John F. Gradel, Sr. for relief from stay to which Debtor has objected. Upon consideration of the evidence adduced at the hearing and the oral arguments of the parties, the court finds that said motion is well taken and should be granted.

### FACTS

On June 22, 1992, Debtor filed a voluntary petition under chapter 11 of title 11. Prior to the filing of Debtor's petition, Debtor was involved in litigation concerning an oral agreement between Debtor, movant and a third party, to widen the Turtle Creek channel and construct a bulkhead along its east side. *See* Debtor's Pretrial Brief on Motion for Relief from Stay of John F. Gradel, Sr. at 1 (Sept. 30, 1992). On August 6, 1992, movant John F. Gradel, Sr., one of the parties to the state court action, filed a motion to lift stay in order to enforce a permanent mandatory injunction as ordered by the state court in a judgment entry of June 1, 1992. Trial Brief of Movant, Exhibit 1 (Sept. 23, 1992). Movant seeks to enforce the injunction by straightening a piling and removing a gas pump, at Debtor's cost, the cost of which may be asserted as a claim against Debtor's estate.

Debtor opposes the instant motion claiming that an appeal of the state court judgment entry is currently pending. Debtor believes that resolution upon appeal may moot the issues presented by the instant motion. Debtor opines that enforcement of the injunction would interrupt Debtor's business operations, and require the expen-

diture of funds necessary for Debtor's reorganization effort.

Mr. William Gyde testified that he is the owner and operator of Turtle Creek Marina, a marina located adjacent to the marina owned and operated by Debtor. He stated that he has been doing business as a marina for the past eight seasons. Mr. Gyde explained that he is a party to the state court action, previously referenced, which resulted from the parties' project of widening the mouth of Turtle Creek and Lake Erie. However, at the conclusion of that project, the existence of a hook at the end of the retaining wall, and two gas pumps on either side of the creek, presented a nuisance and hazard to navigation on those waters. That is, the hook, according to Mr. Gyde causes traffic congestion; in fact, the mouth was to be widened in order to alleviate congested traffic. Additionally, Mr. Gyde indicated that Debtor was to remove a second gas pump, on the south side of the creek, in order to alleviate congestion caused by boats filling gas tanks on either side of the creek. Mr. Gyde also explained that erosion has occurred, as a result of the hook, allowing a build up of sand behind the hook. Mr. Gyde opined that the optimum time for remedying the hook is before the onset of winter as the weather conditions permit access to this area and channel traffic is light.

Ms. Kathryn Gradel is the manager of Fenwyck Marina, located adjacent to Mr. Gyde's Marina. She has been employed as the manager of Fenwyck Marina for twelve years and is in charge of daily operations. In that capacity, she has had the opportunity to observe boat traffic along Turtle Creek. She stated that the hook in the wall, as well as Debtor's southerly gas pump, represent safety hazards, causing navigation obstacles. She explained that if a boat is attempting to fill-up with gas at the two gas pumps on either side of the creek, boats merging into traffic may collide with others traversing the channel. Ms. Gradel has observed "near misses" and "bumpings" of boats. Boaters have complained to her requesting correction of this situation.

Debtor testified that he, movant and Mr. Gyde agreed to widen the mouth of Turtle Creek to obviate congestion and replace the deteriorating retaining wall; this project became the subject of the state court action. Mr. Lamberjack explained that the channel was widened in a pie-shape fashion by beginning at a point, widening the mouth ten feet at the widest point. Although a hook exists at the end of the mouth, Mr. Lamberjack stated that congestion has been eliminated as a result of the widening of the mouth. Mr. Lamberjack explained that while the project was under construction, it became apparent that a hook at the end of the wall, rather than a dead end on an existing concrete wall, creating a 90 degree angle, would be better. Furthermore, Mr. Lamberjack opined that the two gas pumps, on either side of the channel, alleviate congestion, permitting boats to be serviced faster, rather than causing a back up of boats waiting to be serviced on one side of the channel.

In closing argument, movant's counsel asserted that relief from stay was sought in order to permit movant to enforce the mandatory injunction by removing the southerly gas pump and the hook. The parties agreed, during closing argument, that Debtor could seal the southerly gas pump, rather than removing same, in compliance with the permanent injunction. These two items, according to movant, create an unsafe condition in Turtle Creek, causing congestion in navigating these waters. Counsel stated that movant would alleviate these hazards by expending his own funds; movant could, subsequently, file a claim against the estate, if the state court judgment is affirmed on appeal. If that judgment is reversed, Debtor has suffered no prejudice, according to movant.

Debtor's counsel claimed that the granting of movant's motion would function as a money judgment. That is, enforcing the injunction will require an expenditure of Debtor's funds at some point. Furthermore, because an appeal of the state court judgment is pending, lifting the stay, at this juncture, may result in a conflict with the appellate order.

## DISCUSSION

■ Initially, the court notes that although Debtor believes the state court judgment has been entered in error, this court will not revisit the allegations of the state court complaint nor the evidence presented in support thereof. That is, this court will apply collateral estoppel to the judgment entry of the state court and will not consider any evidence presented in support of the errors suggested by Debtor. The standard for finding that collateral estoppel applies requires this court to determine

that the precise issue in the later proceedings have been raised in the prior proceeding, that the issue was actually litigated, and that the determination was necessary to the outcome.

*Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir.1981) (citations omitted).

The state court judgment entry granted a permanent mandatory injunction, ordering Debtor

to remove the southerly gas pump located upon his premises and to remove the hook at the end of the piling on the east side of Turtle Creek and to continue the steel piling directly north to the waters of Lake Erie. [Debtor] is hereby ordered to complete said work within thirty (30) days from the filing of this judgment entry. If said [Debtor] fails to comply within the time specified herein, the court shall direct the act to be done at the cost of said [Debtor].

Trial Brief of Movant, Exhibit 1 at 2. Although an appeal of this judgment entry is pending, this court will not review that entry, nor the issues raised in that action. Rather, the scope of this court's inquiry is to determine whether movant has established the basis for relief from stay pursuant to 11 U.S.C. § 362.

■ Movant seeks relief from stay pursuant to 11 U.S.C. § 362(d)(1) "for cause". "Cause" is not defined in the code. *In re Abrantes Constr. Corp.*, 132 B.R. 234, 237 (N.D.N.Y.1991) (neither statute nor legislative history define cause); *In re Universal Life Church, Inc.*, 127 B.R. 453, 455 (E.D.Cal.1991) (cause is not defined and is determined on a case by case basis), *aff'd*

965 F.2d 777 (9th Cir.1992); *In re Murray Industries, Inc.*, 121 B.R. 635, 636 (Bkrtcy. M.D.Fla.1990) (cause is not defined and determination whether to lift the stay is on a case by case basis).

■ Cause may support a request for relief from stay, permitting a matter to proceed in another forum. *Murray*, 121 B.R. at 636. As the legislative history reflects:

it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.

*Murray*, 121 B.R. at 636 (citing Senate Report No. 989, 95th Cong., 2d Sess., 50). *See also Universal Life Church*, 127 B.R. at 455 (legislative history states that "a desire to permit an action to proceed to completion in another tribunal may provide cause").

The court finds that movant has established cause. A judgment upon the state court action has been entered by that court directing Debtor to remove the southerly gas pump and the hook at the end of the piling. Enforcement of this mandatory permanent injunction has been stayed by the filing of Debtor's petition. Movant has supported his request for relief stating that these two conditions represent a nuisance and, furthermore, that the optimum time for remedying this situation is before the onset of winter.

■ Additionally, in determining whether to lift the stay, the court is guided by the following factors:

(1) whether relief would result in a partial or complete resolution of the issues;

(2) lack of any connection with or interference with the bankruptcy case;

(3) whether the other proceeding involves the Debtor as a fiduciary;

(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5) whether the Debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the Debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) impact of the stay on the parties and balance of harms.

*Abrantes Constr. Corp.*, 132 B.R. at 237–38 (quoting *In Re Sonnax*, 907 F.2d at 1286 (quoting *In re Curtis*, 40 B.R. 795, 799–800 (Bkrtcy.D.Utah 1984)). *See also In re Salisbury*, 123 B.R. 913, 915 (S.D.Ala.1990) (factors to consider in determining if cause exists: (1) likelihood, if any, that the Debtor will suffer great prejudice if the stay is lifted; (2) whether the hardship the moving parties may suffer if the stay remains in effect will outweigh any prejudicial effect to the Debtor or the estate if relief from the stay is granted; and (3) the likelihood that the creditor will prevail on the claim pending in the state court).

Despite Debtor's contention that enforcement of the mandatory permanent injunction is paramount to enforcement of a money judgment, the court is not persuaded by this argument. Movant's counsel stated that remedying the nuisance conditions will be at movant's expense and, if the injunction is affirmed upon appeal, presented against Debtor's estate as a claim. This court finds that the state appellate court is in a better position to determine the correctness of the lower court's judgment. In the interest of judicial economy, and considering the state court's expertise, this court will permit relief from stay, allowing movant to enforce the mandatory permanent injunction. The court also finds Mr. Gyde's opinion, that the optimum time for remedying the nuisance is now, convincing and supportive of relief from stay. If movant is not permitted to act before winter, in all likelihood, movant will be unable to remedy the situation until early spring. Considering this testimony, the court finds that movant's harm outweighs Debtor's harm.

Debtor cites *In re Sonnax Industries, Inc.*, 907 F.2d 1280 (2nd Cir.1990), in support of his position. The court, however, finds that case somewhat inapposite. In *Sonnax*, no judgment had been entered in the state court litigation and discovery had not begun. Here, a trial upon the complaint, either bench or jury, has concluded and a final judgment entered, from which an appeal was taken. Thus, although the factors set forth in *Sonnax* have been considered by the court, the result reached by the *Sonnax* court is not controlling of the result here. In light of the foregoing, it is therefore

ORDERED that motion of John F. Gradel, Sr., to lift stay imposed by 11 U.S.C. § 362 be, and hereby is, granted, to enforce the permanent mandatory injunction granted by the June 1, 1992 judgment entry of the Court of Common Pleas of Ottawa County, Ohio, in Case No. 90–CI–382. It is further

ORDERED that movant John F. Gradel, Sr.'s enforcement of any monetary judgment or claim be, and hereby is, stayed until further order of the court.