In re CREDIT LIFE CORPORATION,
Debtor.

Dallas STEPHENS, et al., Appellants,

v.

Stephen MEININGER, Trustee, Appellee.

Bankruptcy No. 94–5196–8C7.
No. 95–406–CIV–T–17E.

United States District Court,
M.D. Florida,
Tampa Division.

Aug. 1, 1995.

Joel Sidney Treuhaft, Joel S. Treuhaft, P.A., Palm Harbor, FL, for Credit Life Corp.

Chip Rowan, Atlanta Legal Aid Society, Inc., Atlanta, GA, Ann M. Picard, Law Office of Ann M. Picard, Tampa, FL, for Dallas Stephens, Bonnie Stephens.

Brad Wilson Hissing, Meininger & Meininger, P.A., Tampa, FL, for Stephen L. Meininger.

*ORDER ON APPEAL OF MOTION TO ANNUL STAY*

KOVACHEVICH, District Judge.

This cause of action is before the Court on appeal from a determination by the United States Bankruptcy Court for the Middle District of Florida, the Honorable C. Timothy Corcoran, III, United States Bankruptcy Judge, presiding and pursuant to 28 U.S.C. § 158(a).

The legal issue on appeal is whether the Bankruptcy Court abused its discretion by denying Appellants' Motion to Annul Stay on the grounds that cause did not exist to modify the automatic stay prescribed by 11 U.S.C. § 362(a)(1). (Bankruptcy Docket No. 92).

*BACKGROUND*

In order to fully evaluate Appellant's appeal, it is this Court's belief that a thorough recitation of the relevant facts is required. Dallas Stephens (Hereinafter "Appellant"), who has AIDS and is financially destitute, obtained life insurance policy, number 0420394252, with a death benefit of $100,-

000.00 from Primerica Life Insurance Company. Sometime thereafter, Appellant was contacted by Credit Life Corporation (Hereinafter "Appellee") who was interested in purchasing the rights to Appellant's life insurance policy. Appellee was allegedly engaged "in the business of 'viatical settlement', whereby through 'procurement agents' and nationwide advertising, it solicited financially distressed, terminally ill persons to assign their life insurance policies to it in exchange for a promise to pay a lump sum of money." (Docket No. 4, pp. 1).

Appellant and Appellee apparently struck some form of a deal in which Appellee became the owner of policy no. 0420394252 and Appellant received some form of consideration for the policy. On November 7, 1994, Appellant filed a civil suit against Appellee and some of its corporate officers in the Superior Court of Dekalb County, Georgia, alleging racketeering, fraud, intentional infliction of emotional distress and breach of contract, and seeking as damages return of the policy, among other things. The case is allegedly now ready for trial.

Subsequent to the filing of Appellant's civil case in Georgia, Appellee filed a petition for relief under Chapter 11 in the United States Bankruptcy Court for the Middle District of Florida. This case was later converted on July 26, 1994 to a Chapter 7 proceeding pursuant to the United States Bankruptcy Code. As a result of the Chapter 11 petition, and subsequent Chapter 7 conversion, the Bankruptcy Court issued an automatic stay governing:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

The Order Converting Case detailed that the deadline for all creditors of the estate to file claims in the converted Chapter 7 proceeding was November 21, 1994. (Docket No. 33). Although it has yet to be decided whether Appellant received notice of this deadline, Appellant nevertheless failed to become listed as creditor of Appellee.

After discovering that Appellee's bankruptcy estate purported to retain record ownership of policy no. 0420394252, Appellant moved the Bankruptcy Court for the Middle District of Florida for relief from the automatic stay. (Motion to Annul Stay, Docket No. 75). The purpose of the motion was to allow the civil case in Dekalb County, Georgia, to go forward in order to decide who has rightful ownership of the life insurance policy in question, and to determine if Appellees were responsible for any other civil damages incurred by Appellants. The Bankruptcy Court denied the Motion to Annul Stay, and thereafter, the case was appealed to this Court.

## STANDARD OF REVIEW

■ The Court must review the bankruptcy court's findings of fact by the clearly erroneous standard. Fed.R.Bankr.P. 8013; *See In re Chalik,* 748 F.2d 616 (11th Cir. 1984). In comparison, questions of law are accorded a *de novo* review. *In re Carapella,* 115 B.R. 365, 367 (M.D.Fla.1990), aff'd, 925 F.2d 1474 (11th Cir.1991). However, in reviewing a decision to lift an automatic stay under 11 U.S.C. § 362(d), the Eleventh Circuit Court of Appeals has held that such a finding "may be reversed only upon a showing of abuse of discretion." *In re Dixie Broadcasting, Inc.,* 871 F.2d 1023, 1026 (11th Cir.1989) (citing *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 814 F.2d 844 (1st Cir.1987); *In re Holtkamp,* 669 F.2d 505 (7th Cir.1982)).

## ANALYSIS

■ This Court begins its review by considering whether Appellant was properly denied relief from the automatic stay imposed by 11 U.S.C. § 362(a)(1). The governing statute on point, bankruptcy code, is 11 U.S.C. § 362(d) which states:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by

terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Appellants' motion argued for the automatic stay to be "annulled", rather than "terminated" by the Bankruptcy Court, which is an option expressly granted by § 362(d). "The word 'annulling' in this provision evidently contemplates the power of bankruptcy courts to grant relief from the stay which has retroactive effect; otherwise its inclusion, next to 'terminating', would be superfluous." *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir.1984). The Eleventh Circuit, in appropriately limited circumstances, has held that bankruptcy courts may grant retroactive relief, in the form of an annulment, from an automatic stay. *Id.*

In this case, the Bankruptcy Court made no such determination as to whether insurance policy no. 0420394252 was legal property of the bankrupt estate of Appellee. The Court further noted that it found nothing out of the ordinary or exceptional in the circumstances to warrant a modification of the automatic stay. "If cause exists to modify the Stay to permit this litigation from continuing as against the debtor in State Court in Georgia then there are no circumstances that I can envision in which there is a pending lawsuit in State Court against the debtor at the time of filing that would not result in a finding of cause." (Docket No. 93, pp 18–19). The Bankruptcy Court further stated that it was making no ruling as to whether Appellant received adequate notice of their status as a creditor in the bankruptcy proceedings.

■■■ The term "cause" has not been defined by the Bankruptcy Code, and so, the question of whether cause exists to lift an automatic stay must be decided on a case-by-case basis. *In re MacDonald*, 755 F.2d 715, 717 (9th Cir.1985). Allowing a matter to proceed to another forum may constitute "cause" to lift an automatic stay. *In re Valley Kitchens, Inc.*, 58 B.R. 6 (Bankr. S.D.Ohio 1985); *In re Towner Petroleum Co.*, 48 B.R. 182 (Bankr.W.D.Okla.1985). "A Senate Report noted: [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *In re Murray Industries, Inc.*, 121 B.R. 635, 636 (Bankr.M.D.Fla.1990) (citing Senate Rep. No. 989, 95th Cong., 2d Sess., 50, Reprinted in (1978) U.S.Code Cong. & Ad.News 5787, 5836). In determining whether to lift the automatic stay, the courts have generally considered the prejudice to the debtor's reorganization efforts, conservation of judicial resources, and prejudice to the movant. See generally, *In re Holtkamp*, 669 F.2d 505 (7th Cir.1982); *In re UNR Industries, Inc.*, 54 B.R. 263 (Bankr. M.D.Ill.1985).

In balancing the equities involved, this Court is satisfied that it is appropriate to lift the automatic stay in order to permit Appellant to pursue their claim that they are the rightful owner of life insurance policy no. 0420394252. Of first concern to this Court is the fact that the prepetition proceeding in the Superior Court of Georgia has progressed to the stage of trial-readiness. As the record reflects, counsel for each of the parties have already been obtained and have substantially prepared for a forthcoming trial of the issues at hand. This does not appear to be a proceeding which is just beginning, but rather, it is one which seems near completion. Thus, keeping the goals of judicial economy in mind, it is this Court's holding that lifting the stay and allowing these issues to be decided in another court will not present a detriment to either the parties or the Bankruptcy Court. It should be further noted that nearly all of the witnesses involved in the state court proceeding reside around or near Dekalb County, thus strengthening the argument that this claim be settled in Georgia, and not in the Middle District of Florida Bankruptcy Court.

This ruling may further reduce the judicial strain created by this case, in that it should create a forum for Appellant to have their

842

claim decided. Otherwise, this Court anticipates that it may have been confronted with a subsequent filing asking this Court to determine whether adequate notice of creditor status was delivered by Appellee to Appellant, which would relate to the issue of whether Appellant had a valid claim to part of the bankruptcy estate. This ruling, however, should obviate Appellants' need to go forward with such a proceeding since they will now have an opportunity to have their claim decided.

In sum, this Court is satisfied that it is appropriate to lift the stay for the sole purpose of allowing the state court proceedings to go forward to determine whether or not the bankruptcy estate has legal title to life insurance policy no. 0420394252. If it is determined by the Superior Court of Dekalb County, Georgia, that Appellee fraudulently obtained title to the life insurance policy, and that Appellant is the rightful owner of the policy, then the policy and all of its benefits shall be returned to Appellant (or his estate). However, the bankruptcy estate of Appellee shall not be liable for any other types of damages which might be awarded to Appellants in the state court proceeding. Based on the present fact that Appellants are not a registered creditor of Appellee's estate, Appellants will not be allowed to collect any monetary or punitive damages which Appellants may be awarded by the Georgia court. This Court will allow the bankruptcy estate of Appellee to only be bound to a finding on the merits of the issues of ownership and legal title to life insurance policy no. 0420394252. Accordingly, it is

**ORDERED** that the appeal be **GRANTED,** the order of the bankruptcy judge be **REVERSED** in that this Court FINDS that the Bankruptcy Court of the Middle District of Florida abused its discretion in not granting Appellants' Motion to Annul Stay, and this cause is **REMANDED** to the Bankruptcy Court with directions to grant the Appellants' Motion to annul stay for the purposes expressed in this opinion.

**DONE AND ORDERED.**