ELECTRONIC CITATION: 15 FED App.0008P (6th Cir.)
File Name: 15b0008p.06

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| In re: DANIEL G. MARTIN, SR., | ) | No. 15-8030 |
| Debtor. | ) | |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio.
Bankruptcy Case No. 15-10384

Decided and Filed: December 16, 2015

Before: DELK, HARRISON, and LLOYD, Bankruptcy Appellate Panel Judges.

_____

### COUNSEL

**ON BRIEF:** John L. Juergensen, JOHN L. JUERGENSEN CO., LPA, North Canton, Ohio, for Appellant. Rachel L. Steinlage, MEYERS, ROMAN, FRIEDBERG & LEWIS, Cleveland, Ohio, for Appellees.

_____

### OPINION
_____

**JOAN A. LLOYD**, Bankruptcy Appellate Panel Judge. Debtor-Appellant Daniel G. Martin ("Martin") appeals the bankruptcy court's order granting relief from the automatic stay to allow state court litigation against him to continue. For the reasons stated below, the Panel AFFIRMS the bankruptcy court's order granting relief from the automatic stay.

### ISSUE ON APPEAL

The sole issue on appeal is whether the bankruptcy court erred by granting the motion for relief from stay to continue litigation against Debtor.

No. 15-8030, *In re Martin*

JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit ("Panel") has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel and no party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). "An order which grants or denies relief from an automatic stay in bankruptcy is a final order." *Mentag v. GMAC Mortg.* (*In re Mentag*), 430 B.R. 439, 444 (E.D. Mich. 2010) (citing *In re Sun Foods Co.*, 801 F.2d 186, 189 (6th Cir.1986)).

A bankruptcy court's decision to lift the automatic stay pursuant to 11 U.S.C. § 362(d) is reviewed for an abuse of discretion. *Trident Assocs. Ltd. P'ship v. Metro. Life Ins. Co.* (*In re Trident Assocs. Ltd. P'ship*), 52 F.3d 127, 130 (6th Cir. 1995). "An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *In re Lee*, 467 B.R. 906, 911 (B.A.P. 6th Cir. 2012) (quoting *Kaye v. Agripool, SRL* (*In re Murray, Inc.*), 392 B.R. 288 (B.A.P. 6th Cir. 2008)); *See also Barlow v. M.J. Waterman & Assocs., Inc.* (*In re M.J. Waterman & Assocs., Inc.*), 227 F.3d 604, 607–08 (6th Cir. 2000) ("An abuse of discretion is defined as a 'definite and firm conviction that the [court below] committed a clear error of judgment.' ") (citing *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999) (alteration in original)).

Martin filed a chapter 7 bankruptcy petition on January 28, 2015. On April 9, 2015, Donald and Rita Peck ("the Pecks") filed a motion for relief from stay in order to continue state court litigation against Martin. On April 29, 2015, the Pecks filed an adversary proceeding seeking non-dischargeability of a debt pursuant to §§ 523(a)(2)(A), (4) & (6) stemming from the same state court litigation.

The bankruptcy court held a hearing on the motion for relief from stay on June 2, 2015. On June 10, 2015, during a status conference in the adversary proceeding, the court orally indicated that it would grant the motion for relief from stay. The bankruptcy court noted that the discovery process was further along in the state court case, that there were additional parties involved in the state court case, and that the Pecks had requested a jury trial and not consented to a jury trial in the bankruptcy court. On July 7, 2015, the bankruptcy court entered an order granting relief from the automatic stay to continue the state court litigation. The bankruptcy court also entered an order holding the adversary proceeding in abeyance pending the outcome of the state court litigation. On July 17, 2015, Martin timely filed a notice of appeal.

On July 22, 2015, Martin filed a motion for stay pending appeal in the bankruptcy court. On July 23, 2015, the Pecks filed a memorandum in opposition to the motion for stay pending appeal.

On October 5, 2015, Martin filed his appellate brief. The Pecks filed their brief on November 5, 2015. Martin filed his reply brief on November 23, 2015. Accordingly, briefing on the merits is now complete. Martin requested oral argument. However, the Pecks assert it is not necessary.

On November 19, 2015, prior to obtaining a ruling from the bankruptcy court and just prior to the completion of briefing, Martin filed a motion for stay pending appeal in the BAP. On November 30, 2015, the Pecks filed a response. On November 30, 2015, the bankruptcy court entered an order denying a stay pending appeal. On December 11, 2015, Martin filed an "Emergency" second motion for stay pending appeal.

The Panel has fully reviewed the record on appeal and has unanimously determined that the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

## DISCUSSION

The Bankruptcy Code provides that the bankruptcy court may grant relief from the automatic stay for cause. See 11 U.S.C. § 362(d)(1). The decision whether or not to lift the automatic stay resides within the sound discretion of the bankruptcy court. *See Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assocs., Ltd. P'ship)*, 30 F.3d 734, 737 (6th Cir. 1994); *Sonnax*

*Indus., Inc. v. Tri Component Prods. Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280, 1286 (2d Cir. 1990)(citations omitted).

.    The bankruptcy court considers the following factors in deciding whether to lift a stay: 1) judicial economy; 2) trial readiness; 3) the resolution of preliminary bankruptcy issues; 4) the creditor's chance of success on the merits; and 5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors.

*Garzoni v. K-Mart Corp.* (*In re Garzoni*), 35 F. App'x 179, 181 (6th Cir. 2002) (citing *In re United Imports, Inc.*, 203 B.R. 162, 167 (Bankr. D. Neb. 1996)). *See also Junk v. CitiMortgage, Inc.* (*In re Junk*), 512 B.R. 584, 607 (Bankr. S.D. Ohio 2014).

In the present case, the bankruptcy court determined that the fraud issues in the underlying adversary proceeding involved parties who were not a party to the bankruptcy court proceeding. The bankruptcy court also noted the Pecks' jury demand and that they did not consent to trial in the bankruptcy court. Accordingly, the bankruptcy court determined that cause existed for relief from the stay to allow the litigation on the fraud issues to proceed in state court, while holding the adversary proceeding in abeyance pending the resolution.

Martin's primary argument on appeal is that by allowing the state court litigation to proceed while holding the bankruptcy case in abeyance, the bankruptcy court is, in effect, allowing the state court judge to decide the issue of dischargeability in contradiction to the exclusive jurisdiction of the bankruptcy court because a judgment rendered by the state court is likely to have preclusive effect in the adversary proceeding. Additionally, Martin argues that judicial economy favors litigating these issues in the bankruptcy court because state court litigation is more expensive, and the state court litigation is in the early stages. The Pecks refute those allegations.

Martin's argument is misguided. Indeed, although bankruptcy courts have exclusive jurisdiction to determine dischargeability issues, this "does not require the bankruptcy court to redetermine all the underlying facts" of the case if they were previously determined in an earlier lawsuit. *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir. 1981). The Supreme Court has specifically held that issue preclusion principles are applicable to nondischargeability proceedings in bankruptcy cases. *Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S. Ct. 654 (1991). *See also Powers v.*

*Powers* (*In re Powers*), 385 B.R. 173, 177 (Bankr. S.D. Ohio 2008). "The fact that [a bankruptcy] Court may give preclusive effect to the state court judgment does not mean that is deferring to the state court to determine dischargeability." *Jaffe v. Dawson* (*In re Dawson*)*,* 338 B.R. 756, 763 (Bankr. N.D. Ohio 2006). "The dischargeability of a debt must be recognized as a matter separate from the merits of the debt itself." *Sill v. Sweeney* (*In re Sweeney*), 276 B.R. 186, 195 (B.A.P. 6th Cir. 2002). Accordingly, the bankruptcy court does not improperly abdicate its role by holding an adversary proceeding to determine the dischargeability of a potential debt in abeyance in order to allow completion of on-going state court litigation regarding the cause of action giving rise to the potential debt.

Martin also has not demonstrated that the other factors weigh against relief from the automatic stay.

> Where the stayed non-bankruptcy litigation has reached an advanced stage, courts have shown a willingness to lift the stay to allow the litigation to proceed. *See e.g.*, *In re Murray Indus.*, 121 B.R. 635, 637 (Bankr. M.D. Fla. 1990); *In re Kaufman*, 98 B.R. 214, 215 (Bankr. E.D. Pa. 1989); cf. *In re Sonnax Indus.*, 907 F.2d 1280, 1287 (2d Cir.1990) (declining to lift stay in part because "the litigation in state court has not progressed even to the discovery stage."); *In re Collins*, 118 B.R. 35 (Bankr. D. Md. 1990) (declining to lift stay where parties in state court proceeding had not yet begun discovery). The attention paid to the stage to which the non-bankruptcy litigation has progressed is based on the sound principle that the further along the litigation, the more unfair it is to force the plaintiff suing the debtor-defendant "to duplicate all of its efforts in the bankruptcy court." *Murray Indus.*, 121 B.R. at 637.

*Int'l Bus. Machs. v. Fernstrom Storage & Van Co.* (*In re Fernstrom Storage & Van Co.*), 938 F.2d 731, 737 (7th Cir. 1991). While Martin asserts that "there has been almost no discovery in the State Court Litigation" (Appellant's Br. at 9), the Pecks assert that:

> Discovery has commenced and thousands of pages of written discovery have been exchanged and reviewed. Multiple depositions have been taken, including those of other key defendants in the State Court Case. In fact, the only remaining deposition to be taken is that of the Debtor, who has evaded sitting for his deposition since late 2014[.]

(Appellee's Br. at 9). The Panel is not convinced that the bankruptcy court erred in regard to the trial readiness factor. Clearly, the state court litigation is at a more advanced stage of litigation than the adversary proceeding.

The underlying cause of action involves state law fraud issues, additional parties not involved in the bankruptcy court proceeding, and a jury demand. The state court litigation is further along than the bankruptcy court. Additionally, a determination regarding dischargeability requires factual findings regarding the same elements as the state law fraud issues. Further, Martin has not demonstrated that the state court litigation will unfairly burden the bankruptcy estate or other creditors. Neither the bankruptcy court nor this Panel need to reach any determination regarding the Pecks' likelihood of success on the merits of the underlying cause of action. The remaining factors are sufficient to support relief from the automatic stay.

## CONCLUSION

Martin has not shown that the bankruptcy court committed an error of law or relied on clearly erroneous facts in granting the motion for relief from the automatic stay. Accordingly, the Panel finds that the bankruptcy court did not abuse its discretion by granting relief from the automatic stay to allow the state court litigation to proceed. The bankruptcy court's order is AFFIRMED.

Martin's motions for stay pending appeal are DENIED as moot.