In re UNIVERSAL LIFE
CHURCH, INC., Debtor.

UNIVERSAL LIFE CHURCH,
INC., Appellant,

v.

UNITED STATES of America INTERNAL REVENUE SERVICE,
Appellee.

No. Civ. S-90-426-WBS.

United States District Court,
E.D. California.

March 25, 1991.

Carl W. Collins, Altman, Collins & Gross, Modesto, Cal., Edward O.C. Ord, Norman & Ord, San Francisco, Cal., for debtor/appellant Universal Life Church, Inc.

Stephen G. Fuerth, Chief, Civil Trial Section, Thomas Carlucci, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellee United States of America (Internal Revenue Service).

## ORDER

SHUBB, District Judge.

In 1985, appellant, Universal Life Church ("ULC"), filed a petition in the tax court seeking redetermination of income tax deficiencies for the 1978, 1979, and 1980 tax years. Over a three year period, the trial date was continued four times, finally re-

sulting in a December 4, 1989, trial date. On November 24, 1989, less than two weeks before the start of trial, ULC filed a motion seeking to amend its petition to permit the use of the installment method of accounting.[1] On November 29, 1989, the tax court denied the motion. The next day, ULC filed a Chapter 11 petition in bankruptcy. The filing of the petition automatically stayed any further proceedings in tax court.

On January 12, 1990, ULC filed a complaint in bankruptcy requesting a determination of federal tax liability for the years 1978–1990.[2] The Internal Revenue Service ("I.R.S.") immediately filed a motion to lift the debtor's automatic stay to allow the prosecution of the tax claim to continue in tax court. On February 13, 1990, the bankruptcy court ordered a modification of the automatic stay to permit the tax court to determine the liability for the years 1978–1980. ULC noticed an appeal to this court on March 15, 1990.

■ The court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1). The bankruptcy court's decision to lift an automatic stay is reviewed for abuse of discretion. *In re Arnold*, 806 F.2d 937, 938 (9th Cir.1986). The court reviews findings of fact under the clearly erroneous standard, and conclusions of law de novo. *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir.1990).

■ Appellant essentially argues that by lifting the stay and sending the parties back to tax court to litigate the tax liability for 1978–1980, ULC will lose $800,000 because the tax court's ruling prevents it from using a more favorable method of accounting. The I.R.S. will thus be favored over other creditors in contravention of bankruptcy policy favoring equal treatment of creditors. Moreover, appellant argues, the bifurcation of the proceedings will result in a disorderly determination of

---

1. Appellant estimates that if permitted to use the installment method of reporting gains, its tax liability would be reduced by nearly $800,000. *See* CR 6, Declaration of Susan Hollingsworth at paragraphs three and four.

2. Appellant acknowledges that it filed the complaint in bankruptcy with the hope that it could capture the installment method of accounting it was denied on the eve of trial in tax court.

creditor rights and potentially expose ULC to conflicting results.

■ A goal of the automatic stay provision of 11 U.S.C. § 362(a) is "to ensure orderly administration of the debtor's estate to protect the creditor's right to equality of distribution, ...." *Morgan Guar. Trust Co. v. American Sav. and Loan,* 804 F.2d 1487, 1491 (9th Cir.1986), *cert. denied,* 482 U.S. 929, 107 S.Ct. 3214, 96 L.Ed.2d 701 (1987); *see also Matter of Holtkamp,* 669 F.2d 505, 508 (7th Cir.1982). A bankruptcy creditor may obtain relief from the automatic stay "for cause". 11 U.S.C. § 362(d)(1). "Cause" has no clear definition and is determined on a case-by-case basis. *In re Tucson Estates Inc.,* 912 F.2d at 1166. The legislative history of § 362(d)(1) states that "a desire to permit an action to proceed to completion in another tribunal may provide [ ] cause" for relief from a stay. H.R. No. 595, 95th Cong., 1st sess. 343, 1977 U.S.Code Cong. & Admin. News 5787, 6300.

*In re Hunt,* 95 B.R. 442 (Bankr.N.D.Tex. 1989), involved a similar situation. There a debtor filed a Chapter 11 petition in bankruptcy court. Prior to the debtor's petition, the parties were in the early stages of preparing for trial in tax court. On the government's motion to modify the automatic stay to permit the parties to return to tax court and pursue the issue of tax liability, the bankruptcy court deferred to the tax court for a determination of the debtor's tax liability. *Id.* at 445. In reaching this conclusion, the court evaluated: (1) the need to administer the bankruptcy case in an orderly and efficient manner; (2) the complexity of the tax issues; (3) the asset and liability structure of the debtor; (4) the length of time required for trial and decision; (5) judicial economy and efficiency; (6) the burden on the bankruptcy court's docket; (7) the prejudice to the parties. *Id.* The court concluded that although the tax issue did not involve previously undecided areas of law, adjudication in the tax court was likely to produce a more uniform and prompt resolution of the tax issue. *Id.* at 448.

The automatic stay in this case should be modified to permit the tax court to finish what it had nearly completed. That forum has special expertise in deciding difficult and contested tax issues. The tax issues raised in this case are presumptively difficult otherwise it would not have taken three years to prepare the case for trial. The parties were within weeks of trying the case when the debtor filed for bankruptcy. There is no question the tax court could most effectively assess the debtor's liability in the shortest amount of time. The interests of judicial economy weigh overwhelmingly in favor of returning the 1978–1980 tax issues to tax court.

ULC's argument that returning the parties to tax court to litigate tax liability will unfairly advantage the I.R.S. vis-a-vis other creditors in bankruptcy is without merit. As the court stated in *Noli v. Commissioner,* 860 F.2d 1521 (9th Cir.1988):

> Lifting of the stay to allow the parties to determine the amount of tax liability would not affect the estate. It would only establish the amount of a claim which already had been made against the estate. In this respect, relief from the stay allowing for rendition of a judgment would not violate the underlying purpose of the Bankruptcy Code.

*Id.* at 1526.

The bankruptcy court's decision to bifurcate the 1978–1980 tax liability issues from the remaining tax issues was not an abuse of discretion. There is no real risk of inconsistent results where, as here, the bankruptcy and tax courts will be resolving issues of tax liability involving wholly separate and discrete time periods. *Id.*

■ The bankruptcy court's failure to make explicit findings of fact or conclusions of law does not constitute an abuse of discretion. The bankruptcy court indicated that it reviewed the entire record in reaching its conclusion. Even assuming it resolved all the factual differences in favor of the appellant, the decision to modify the automatic stay was appropriate under the circumstances.

By affirming the bankruptcy court's decision to modify the automatic stay, the

court recognizes the consequence of returning the debtor to tax court; it may have to live with an unfavorable ruling on the issue of the method of accounting. However, errors by the tax court, if any, may be raised on direct appeal from the tax court.

IT IS THEREFORE ORDERED that the February 13, 1990 Order of the Bankruptcy Court be, and the same is, hereby affirmed.