In re John Charles SHEFFIELD, SSN 444–48–0480, Charlene K. Sheffield, SSN 443–70–4145, Debtors.

Bankruptcy No. 96–72544.

United States Bankruptcy Court, E.D. Oklahoma.

Aug. 14, 1997.

---

Cheryl Triplett, Assistant U.S. Attorney, Muskogee, OK, for IRS.

Catherine Doud, Tulsa, OK, for Debtors.

### *ORDER*

TOM R. CORNISH, Bankruptcy Judge.

On the 13th day of August, 1997, the Motion to Modify Automatic Stay filed by the United States of America, on behalf of the Internal Revenue Service ("IRS") and Objection by the Debtors came on for hearing. Counsel appearing were Cheryl Triplett for the IRS and Catherine Doud for the Debtors. At the hearing, the parties agreed to submit this matter to the Court on the briefs filed.

After a review of the above-referenced pleadings, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed.R.Bankr.P., in this core proceeding:

The Debtors filed this bankruptcy petition seeking relief on December 12, 1996. At that time, one Debtor's case was set on the Tax Court calendar for January 27, 1997. That action was stayed by the filing of the bankruptcy petition. The Tax Court also stayed a proceeding against both Debtors. The Debtors' Chapter 13 case was conditionally dismissed; however, the Debtors were allowed ten (10) days to convert the case. The IRS filed a Status Report with the Tax Court. About that time, the two Tax Court cases were placed on the Tax Court's calendar on October 27, 1997. On May 15, 1997, the Debtors filed a Motion to Convert their case to Chapter 11. The cases have now been stricken from the October 27, 1997 docket.

The IRS now seeks relief from the stay to continue with the proceedings in Tax Court. The Court has found a case which is very similar to the case at bar. In *Universal Life Church, Inc. v. Internal Revenue Service (In re Universal Life Church)*, 127 B.R. 453, 454 (E.D.Cal.1991), *aff'd.* 965 F.2d 777 (9th Cir. 1992), the debtor filed a petition in Tax Court seeking a redetermination of income tax deficiencies. Immediately prior to the trial, the debtor filed a Chapter 11 petition. *Id.* The debtor then filed an adversary proceeding requesting a determination of the tax liability. *Id.* The Court modified the automatic stay to permit the Tax Court "to finish what it had nearly completed. That forum has special expertise in deciding difficult and complex tax issues." *Id.* at 455. The Court further noted that the parties were within weeks of trying the case when the debtor filed bankruptcy. *Id.* The Court also noted that there was no question that the Tax Court could most effectively assess the debtor's liability in the shortest amount of time. *Id.* Therefore, the Court found that, in the interest of judicial economy, the case should be returned to the Tax Court. *Id.*

The facts in *Universal Life Church* are essentially the same as in the case. Just weeks before trial in the Tax Court case, the Debtors filed their Chapter 11 petition. This case is ready for trial. This Court agrees that the Tax Court is the proper forum for the tax liability to be determined.

IT IS THEREFORE ORDERED that the Motion to Modify Automatic Stay is **granted.**