**In re: Michael J. GARZONI, Debtor,**

Michael J. Garzoni, Plaintiff–Appellant,

v.

**K–Mart Corporation, Defendant– Appellee.**

**No. 01–1743.**

United States Court of Appeals, Sixth Circuit.

May 8, 2002.

Before MERRITT, SUHRHEINRICH, and GILMAN, Circuit Judges.

This is a bankruptcy case. Michael J. Garzoni appeals a district court order affirming: 1) the bankruptcy court's order that granted the K–Mart Corporation's ("K–Mart") motion to lift the automatic stay, entered September 21, 2000; 2) the

bankruptcy court's order that denied Garzoni's motion to reconsider the order lifting the stay, entered November 2, 2000; and 3) the bankruptcy court's order that granted K–Mart's "Motion to Clarify the Court's Ruling as to K–Mart's Substantive Rights under 11 U.S.C. § 523 and Fed. R. Bankr.P. 4007(c), or in the Alternative, to Permit Filing of a Complaint to Determine Dischargeability," entered January 11, 2001. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 26, 2000, Garzoni filed a voluntary petition for Chapter 7 bankruptcy relief at which point two state court actions were stayed. K–Mart brought the state court actions against Garzoni for fraud and breach of a fiduciary duty. On June 16, 2000, K–Mart filed a motion to lift the stay and alternatively made a request that the bankruptcy court dismiss Garzoni's case as a bad faith filing. A hearing was held on August 10, 2000, at which the bankruptcy court denied K–Mart's request for a dismissal, but granted K–Mart's request to lift the stay and allow K–Mart to proceed against Garzoni in state court actions in the Oakland County Circuit Court, and in the 189th Judicial District Court of Harris County, Texas. Thereafter, the parties attempted to submit a joint stipulated order reflecting the bankruptcy court's rulings. The parties could not agree to an order so K–Mart submitted a proposed order on August 21, 2000. Garzoni objected to the proposed order; a hearing on his objections was set for September 21, 2000. On August 21, 2000, K–Mart filed a motion to Extend Bar Date to File Complaint to Determine Dischargeability of Debt. On September 14, 2000, the bankruptcy court entered an order extending the bar date to October 2, 2000.

However, at the September 21, 2000, hearing on Garzoni's objections to K–Mart's proposed order lifting the stay, the bankruptcy court granted K–Mart's motion to lift the stay and entered an order that same day. Garzoni filed a motion for reconsideration, which the bankruptcy court denied on November 2, 2000. Garzoni appealed the September 14, 2000, and November 2, 2000, orders to the district court.

K–Mart, believing that the November 2, 2000, order, together with the bankruptcy court's comments at the September 21, 2000 hearing, preserved its right to have dischargeability determined after judgment in the state court actions and therefore supplanted the order of September 14, 2000. K–Mart did not file a complaint to determine dischargeability on October 2, 2000.

On October 5, 2000, Garzoni filed a motion to enforce discharge in the Oakland County Action. Garzoni requested the state court to enjoin K–Mart from proceeding against him because K–Mart did not file a complaint to determine dischargeability by the bar date. Thereafter, K–Mart filed a motion to clarify the bankruptcy court's September 21, 2000, order to make sure that K–Mart had preserved its right to file a complaint to determine dischargeability until after the conclusion of the state court actions. A hearing was held on November 11, 2000. On January 11, 2001, the bankruptcy court granted K–Mart's motion to clarify and confirmed K–Mart's understanding and further clarified that K–Mart can file a complaint to determine dischargeability within 20 days after obtaining a judgment in each of the state court actions. Garzoni appealed this decision to the district court. In an order and judgment filed April 6, 2001, the district

court affirmed the bankruptcy court's decisions. Reconsideration was denied.

On December 14, 2000, the state court ruled on the parties' pending motions. The state court granted partial summary judgment in favor of K–Mart, and awarded K–Mart $435,000 in damages. On January 2, 2001, K–Mart filed a complaint to determine dischargeability.

On appeal, Garzoni essentially argues: 1) that the bankruptcy court erred in lifting the automatic stay; and 2) that K–Mart missed the bar date for filing a dischargeability complaint, and the bankruptcy court lacked the authority to extend the bar date.

We review directly a bankruptcy court's decision, not the district court's review of the bankruptcy court's decision. *Trident Assocs. Ltd. P'ship v. Metro Life Ins. Co. (In re Trident Assocs. Ltd. P'ship)*, 52 F.3d 127, 130 (6th Cir.1995). We review the bankruptcy court's findings of fact for clear error and its legal conclusions de novo. *See Invs. Credit Corp. v. Batie (In re Batie)*, 995 F.2d 85, 88 (6th Cir.1993).

The decision whether or not to lift the automatic stay resides within the sound discretion of the bankruptcy court. *See Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assocs., Ltd. P'ship)*, 30 F.3d 734, 737 (6th Cir.1994); *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir.1990). Accordingly, we review the question for an abuse of discretion.

Bankruptcy Code § 362(d)(1) provides that the bankruptcy court may grant relief from the automatic stay for cause. *See* 11 U.S.C. § 362(d)(1). The bankruptcy court considers the following factors in deciding whether to lift a stay: 1) judicial economy; 2) trial readiness; 3) the resolution of preliminary bankruptcy issues; 4) the credi-

tor's chance of success on the merits; and 5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors. *See In re United Imports, Inc.*, 203 B.R. 162, 167 (Bankr.D.Neb.1996).

The bankruptcy court properly assessed these standards, giving weight to trial readiness in both state actions, the state law basis for the claims, the potential for inconsistent decisions on identical claims, and the duplication that would result if K–Mart pursued its claims against Garzoni in the bankruptcy court. Upon a review of the bankruptcy court's assessment, we are not left with a definite and firm conviction that it erred in its factual findings or legal conclusions. *See Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 133 (6th Cir. 1990). In short, we can find no abuse of discretion in the bankruptcy court's decision to grant relief from the automatic stay. *See Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995).

As to Garzoni's argument regarding the bar date, Fed. R. Bankr.P. 4007(c) designates the time period within which complaints to determine dischargeability of a debt must be filed. Rule 4007(c) provides, in part, that "[a] complaint to determine the dischargeability of a debt under § 523(c) shall be filed not later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr.P. 4007(c).

Here, the first creditors meeting was set for June 2, 2000, and the time to file a complaint to determine dischargeability was August 21, 2000. K–Mart filed its motion to lift the stay on June 16, 2000. The hearing on the motion to lift the stay was held on August 10, 2000, at which time the bankruptcy court indicated on the record—although Garzoni contends otherwise—that the stay was lifted, that K–Mart could proceed to judgment, and that

dischargeability would be determined later. Thus, at that point, although K–Mart had not yet filed its motion to extend the bar date, the bar date was extended. K–Mart then filed its motion to extend the bar date on August 21, 2000, the deadline for filing a discharge complaint.

While in its order dated September 14, 2000, the bankruptcy court gave K–Mart until October 2, 2000, for filing a complaint, the date was later changed at the hearing on September 21, 2000 (for lifting the stay), giving K–Mart until after a judgment was obtained in the state court actions. Despite Garzoni's protestations to the contrary, the bankruptcy court's clarification order was not the first time this extension was granted; an extension was granted at the time the order lifting the stay was entered. To hold otherwise would be nonsensical. Thus, because the bankruptcy court did not violate Rule 4007(c) by extending the time for K–Mart to file a complaint to determine dischargeability, it follows that its order clarifying the same was not erroneous.

Accordingly, the district court's order affirming the bankruptcy court's order that granted K–Mart's motion to lift the automatic stay, entered September 21, 2000; the bankruptcy court's order that denied Garzoni's motion to reconsider the order lifting the stay, entered November 2, 2000; and the bankruptcy court's order that granted K–Mart's "Motion to Clarify the Court's Ruling as to K–Mart's Substantive Rights under 11 U.S.C. § 523 and Fed. R. Bankr.P. 4007(c), or in the Alternative, to Permit Filing of a Complaint to Determine Dischargeability," entered January 11, 2001, are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.