In re Alan Francis BEANE, Debtor.

Alan Francis Beane, Appellant,

v.

United States of America, Appellee.

No. 2:07–cv–00065–FtM–34.
Bankruptcy No. 9:06–bk–05723–ALP.

United States District Court,
M.D. Florida,
Fort Myers Division.

July 15, 2008.

**944**

Alan Francis Beane, Sanibel, FL, pro se.

T. Patrick Tinker, Office of the U.S. Trustee, Tampa, FL, for U.S. Trustee FTM.

### *ORDER*

MARCIA MORALES HOWARD, District Judge.

**THIS CAUSE** is before the Court on an appeal from the United States Bankruptcy Court's December 13, 2006 Order granting the United States' motion for relief from stay and denying Appellant, Alan Francis Beane's ("Beane"), motion for the bankruptcy court to determine his tax liability. Beane filed his initial brief on April 13, 2007, *see* Brief of Appellant (Dist. Dkt. No. 16; Initial Brief),[1] and the United States filed an answer brief in opposition to the Initial Brief on May 14, 2007. *See* Brief of Appellee, United States of America (Dist. Dkt. No. 19; Answer Brief).[2] Beane did not file a reply to the Answer Brief by May 10, 2007, or the date of the instant order.[3] Accordingly, this appeal is ripe for review.

### I. Procedural History

On October 19, 2006, Beane filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code in the Fort Myers Division of the United States Bankruptcy Court for the Middle District of Florida.

---

1. In the instant Order, the Court will refer to the docket numbers from this Court as "Dist. Dkt. No. ——." Docket numbers assigned by the Bankruptcy Court will be referred to as "Bank. Dkt. No. ——."

2. Rule 8009(a)(2) of the Federal Rules of Bankruptcy Procedure requires an Appellee to "serve and file a brief within 15 days after service of the brief of appellant." F.R.B.P. 8009(a)(2). Thus, the United States' Answer was initially due on April 30, 2007, *See id.* However, the United States filed a motion asking the Court for an extension of time to file its Answer on April 24, 2007. *See* Motion

for Extension of Time to File Appellee Brief (Dkt. No. 17; Appellee's Motion). In an Order dated April 25, 2007 (Dkt. No. 18), the Court granted Appellee's Motion and directed the United States to file its Answer on or before May 14, 2007. As noted above, the United States filed its Answer on May 14, 2007. Thus, the Answer was timely filed.

3. Rule 8009(a)(3) of the Federal Rules of Bankruptcy Procedure requires an Appellant to "serve and file a brief within 10 days after service of the brief of appellee." F.R.B.P. 8009(a)(2).

*See generally* Voluntary Petition (Bank. Dkt. No. 1; Voluntary Petition). Thereafter, on November 14, 2006, the United States filed a Motion for Relief from Stay (Bank. Dkt. No. 30; Motion for Relief from Stay). In the Motion for Relief from Stay, the United States asked the Court to enter an order lifting the automatic stay imposed by 11 U.S.C. § 362(a)(8) in order to permit the continuation of a proceeding it had initiated in the United States Tax Court. *See* Motion for Relief from Stay at 1; *see also* Voluntary Petition at Petition.[4] The United States noted that, in the tax court proceeding, Beane filed a petition challenging determinations made by the Commissioner of the Internal Revenue Service. *See id.* at 1–2. In addition, the United States argued that the following factors weighed in favor of the bankruptcy court granting its Motion for Relief from Stay: (1) the tax court proceeding was set for trial;[5] (2) Congress intended the tax court to determine issues of tax liability; (3) Beane initiated the proceeding in the tax court; (4) while the issues involved in the tax court proceeding have a connection with the bankruptcy court proceeding, the tax court's determination of Beane's tax liability will assist and not hinder the resolution of the bankruptcy court proceeding. *See id.* at 3–4.

On November 27, 2007, Beane filed a competing motion asking the bankruptcy court to resolve the issues raised in the tax court proceeding pursuant to 11 U.S.C. § 505(a). *See generally* Motion for Determination of Tax Liability. In the Motion for Determination of Tax Liability, Beane asserts that he and the Commissioner of the Internal Revenue Service ("Commissioner") disagree as to numerous issues raised in the tax court proceeding, including whether he can offset his 1998 tax year liability by the amount he overpaid his 1999 tax liability. *See id.* at 6–8. Additionally, Beane indicates that the Commissioner has treated him unfairly throughout the course of the tax court proceeding.[6] *See id.* at 5, 8. Beane also contends that, if the tax court determines his tax liability for the 1998 and 1999 tax years, he will be unable to pay the claims of the unsecured creditors of his bankruptcy estate because he will be required to surrender all of his assets to the Commissioner in order to satisfy his tax liability. *See id.* at 6. He maintains that, if the bankruptcy court grants his Motion for Determination of Tax Liability, he will be able to pay the Commissioner of the Internal Revenue Service, as well as satisfy the claims of his unsecured creditors. *See id.*

The bankruptcy court heard oral argument on the Motion for Relief from Stay and Motion for Determination of Tax Liability on November 30, 2006. *See* Excerpt (Bank. Dkt. No. 71; Transcript), filed on January 29, 2007. During the hearing, the following exchange occurred between the Honorable Michael G. Williamson, United States Bankruptcy Judge, and Beane:

---

**4.** The petition Beane filed in the United States Tax Court is located in the district court record on pages 19 through 22 of Dkt. No. 1 –6.

**5.** According to the parties, the tax court proceeding was scheduled for trial on October 23, 2006. *See* Motion for Relief from Stay at 2; Debtor's Motion to Request Determination of Tax Liability Pursuant to Section 505(a) as to the Internal Revenue Service and Debtor's Objection to the United States of America's Motion for Relief from Stay and Debtor's Request that the Court Dismiss the Motion (Bank. Dkt. No. 43; Motion for Determination of Tax Liability) at 1.

**6.** For example, Beane represents that the Commissioner failed to examine his 18,000 page response to the Commissioner's request for the production of documents. *See* Motion for Determination of Tax Liability at 5.

THE COURT: You don't want to go to Tax Court?

MR. BEANE: No, sir.

. . .

THE COURT: . . . And my point that I was making is that you don't think you're getting a fair shake in the Tax Court, they're not considering your arguments. I mean you make a big issue. You've said they wouldn't even consider the very extensive brief you filed, the 18,000–page brief that you and your accountant put together.

MR. BEANE: Correct.

THE COURT: And you think you'll get a better day in court here, I think. That's what I came away from when I read all of the stuff that you had filed.

MR. BEANE: Yes, sir.

*See id.* at 5–6. In addition, under questioning by the bankruptcy judge, counsel for the United States noted that Beane filed for bankruptcy on the eve of the trial in tax court. *See id.* at 6–7.

Following this exchange, the bankruptcy judge observed that, at the time Beane filed for bankruptcy, the tax court matter had been pending for over a year and was set to go to trial in seven days. *See id.* at 9.[7] The bankruptcy judge also explained that, in considering a request that the bankruptcy court resolve a matter pending in a non-bankruptcy forum, he examines the following: (1) how long the matter has been pending in the other court; (2) how soon the matter can get to trial; (3) the other court's ability to deal with the complexity of the issues involved in the matter; and (4) whether the Chapter 11 case will be impeded if the matter proceeds in its native forum. *See id.* at 10.

After reviewing these factors, the bankruptcy judge noted that the matter was ready to go to trial in tax court and that the tax court would be "dealing with what it knows best." *See id.* at 11. The bankruptcy court also indicated that the issues involved in the matter were "complex." *See id.* at 11. Although the bankruptcy judge recognized that Beane did not feel that the tax court was treating him fairly, the bankruptcy judge stated that he must presume that all courts operate within the bounds of their jurisdiction, and, in any event, Beane retains the right to appeal any decision rendered by the tax court. *See id.* In light of the foregoing, the bankruptcy judge determined to grant the Motion for Relief from Stay and deny the Motion for Determination of Tax Liability. *See id.* at 12. Thereafter, on December 13, 2006, the bankruptcy court entered an order granting the Motion for Relief from Stay and denying the Motion for Determination of Tax Liability. See Order Granting United States' Motion for Relief from Stay; Denying Debtor's Motion to Request Determination of Tax Liability Pursuant to Section 505(a) as to the Internal Revenue Service (Bank.Dkt. No. 52). Beane filed a timely notice of appeal December 22, 2006. *See* Notice of Appeal (Bank. Dkt. No. 62).

## II. Standard of Review

■■■ This Court has jurisdiction to hear an appeal from a final judgment entered by the bankruptcy court. *See* 28 U.S.C. § 158(a). In functioning as an appellate court, the Court reviews *de novo* the legal conclusions of the bankruptcy

---

**7.** At the hearing, the bankruptcy court mistakenly stated that Beane filed for bankruptcy four days prior to the date the trial was scheduled to begin in tax court. *See* Transcript at 9. However, the bankruptcy court recognized that Appellant filed the Voluntary Petition on October 19, 2006, and the tax matter was scheduled to go to trial on October 26, 2006. *See id.*

court but must accept the bankruptcy court's factual findings unless they are clearly erroneous. *See In re JLJ Inc.*, 988 F.2d 1112, 1116 (11th Cir.1993). "A finding [of fact] is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). In addition, the Court may not make independent factual findings. *See In re JLJ Inc.*, 988 F.2d at 1116; *In re Englander*, 95 F.3d 1028, 1030 (11th Cir.1996). Thus, "[i]f the bankruptcy court is silent or ambiguous as to an outcome determinative factual question, the case must be remanded to the bankruptcy court for the necessary factual findings." *In re JLJ Inc.*, 988 F.2d at 1116.

 The Court reviews an order granting or denying relief from an automatic stay pursuant to 11 U.S.C. § 362(d) for an abuse of discretion. *See In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir.1989). In addition, a bankruptcy court's decision to abstain or not abstain from determining a debtor's tax liability pursuant to 11 U.S.C. § 505(a) is also reviewed for an abuse of discretion. *See In re Luongo*, 259 F.3d 323, 332 (5th Cir. 2001).

## III. Discussion

Beane contends that the bankruptcy court applied the wrong legal standard when it granted the Motion for Relief from Stay and denied the Motion for Determination of Tax Liability. *See* Initial Brief at 11, 13–16, 22. Specifically, he argues that the bankruptcy court erroneously applied the "closest to trial standard" instead of the "best interests of the estate standard." *See id.* at 13–16. In addition, Beane asserts that granting the Motion for Deter-

mination of Tax Liability would be in the best interest of the estate. *See id.* at 16–20. Indeed, he maintains that the estate would benefit from having the tax issues resolved in the bankruptcy court along with any other creditor claims. *See id.* at 17–18. Finally, Beane asserts that the bankruptcy court abused its discretion by granting the Motion for Relief from Stay because the bankruptcy court knew that the Commissioner was treating him unfairly by refusing to offset the amount he owes for the 1998 tax year by the amount he overpaid for the 1999 tax year. *See id.* at 23–26.

In response, the United States contends that the bankruptcy court did not abuse its discretion by deciding to lift the automatic stay in order to permit the tax court litigation to proceed to trial or abuse its discretion by declining to determine Bean's 1998 and 1999 tax liabilities. *See* Answer Brief at 15–17. Indeed, it maintains that a review of the transcript from the hearing demonstrates that the bankruptcy court considered the appropriate factors and adequately balanced the interests at issue in reaching these determinations. *See id.* at 14–17. In addition, the United States argues that a review of the transcript establishes that "the length of time until trial" was just one of the factors the bankruptcy court considered in determining whether to lift the automatic stay and to abstain from determining Beane's tax liabilities. *See id.* at 17–18. Finally, it suggests that Beane should not be permitted to use the bankruptcy court as an alternative forum for determining his tax liabilities when his tax court litigation goes poorly. *See id.* at 18–20.

In the instant case, the parties presented the bankruptcy court with competing motions as to the proper forum for the resolution of the debtor's tax liability. As a result of these filings, the bankruptcy

court was required to determine whether it should lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1) in order to allow the tax court proceeding to continue or whether it should exercise its discretion to resolve the debtor's tax liability itself, pursuant to 11 U.S.C. § 505(a)(1).

■■■ Although the filing of a bankruptcy petition operates as an automatic stay of the continuation of any proceeding against the debtor, a party in interest, such as a party to a court proceeding involving the debtor, may obtain relief from the automatic stay, after notice and a hearing, "for cause." *See* 11 U.S.C. § 362(a)(1), (d)(1). In determining whether cause exists warranting relief from the automatic stay, "[c]ourts conduct a case-by-case inquiry and apply a totality of the circumstances test." *See In re Mack*, No. 6:06–cv–1782–Orl–19, 2007 WL 1222575, at *2 (M.D.Fla. Apr.24, 2007). Moreover, the bankruptcy court examines a number of factors including the following:

(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litiga-

tion; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2nd Cir.1990): *see also In re Garzoni*, 35 Fed.Appx. 179, 181 (6th Cir. 2002). All of these factors will not be relevant in every case. *See In re Bogdanovich*, 292 F.3d 104, 110 (2nd Cir.2002).

■■ 11 U.S.C. § 505(a) provides that a bankruptcy court "may determine the amount or legality of any tax" as long as the amount or legality of the tax has not been previously adjudicated in a proceeding before a court of competent jurisdiction. *See* 11 U.S.C. § 505(a)(1), (2)(A); *see also In re Luongo*, 259 F.3d at 328. Bankruptcy courts have examined the following factors in determining whether to abstain or resolve a debtor's tax liability, pursuant to 11 U.S.C. § 505(a)(1): (1) "whether bankruptcy issues predominate," (2) "the complexity of the tax issue"; (3) "whether a bankruptcy purpose would be served"; (4) "the need for orderly, efficient, and expeditious administration of the case"; (5) "the legislative purpose of § 505"; (6) "the length of time to resolve the matter"; (7) "the burden on the docket"; (8) the asset and liability structure of the debtor; (9) "uniformity of assessment; potential prejudice to the debtor, taxing authority, and creditors"; and (10) "other factors, such as judicial economy, fairness and convenience to litigants, and the simplicity of the non-bankruptcy issues." *See In re Dees*, 369 B.R. 676, 677–78 (Bankr.N.D.Fla.2007). Thus, a bankruptcy court examines a number of similar factors in determining whether to grant relief from a stay and whether to resolve a debtor's tax liability. *See In re Rich*, No. 93–40486, 1994 WL 16005238, at *2–3 (Bankr.S.D.Ga. Jan.24, 1994) (examining the same factors in resolving competing motions under

§§ 362(d)(1) and 505(a)(1) regarding the proper forum to resolve a debtor's tax liability).

██ As an initial matter, the Court finds Appellant Beane's argument that the bankruptcy court applied the wrong legal standard in granting the Motion for Relief from Stay and denying the Motion for Determination of Tax Liability to be without merit. Contrary to his assertion, the bankruptcy court did not simply consider how soon the matter could proceed to trial in tax court when it determined not to resolve the issues raised in the tax court. Indeed, a review of the transcript from the hearing reveals that the bankruptcy court considered a number of other factors, including the length of time that the tax matter had been pending in tax court, the tax court's ability to deal with the issues involved, the complexity of the issues involved, and whether the pending Chapter 11 case would be impeded if the matter proceeded in the tax court. *See* Transcript at 10–12.[8]

██ Moreover, upon review of the record, the Court finds that the bankruptcy court did not abuse its discretion in granting the Motion for Relief from Stay and denying the Motion for Determination of Tax Liability. At the time Beane filed for bankruptcy, the tax court proceeding had been pending for over one year and was set to go to trial in seven days. *See* Transcript at 9; Motion for Relief from Stay at 2; Motion for Determination of Tax Liability at 1. Thus, judicial economy weighs in favor of the tax court proceeding with the action. *See In re Sonnax Industries, Inc.*, 907 F.2d at 1286 (noting that

judicial economy is a factor that a bankruptcy court should consider in determining whether to grant relief from the automatic stay); *In re Dees*, 369 B.R. at 678 (including judicial economy as a factor that a bankruptcy court should examine in considering whether it should grant a § 505(a) motion to resolve a debtor's tax liability); *In re Universal Life Church, Inc.*, 127 B.R. 453, 455 (E.D.Cal.1991) (affirming a bankruptcy court's decision to lift an automatic stay in order to allow a matter to proceed in tax court where a debtor filed for bankruptcy within weeks of trial). Moreover, the tax court is a specialized tribunal established to resolve issues of tax liability. *See In re Universal Life Church, Inc.*, 127 B.R. at 455; *see also In re Sonnax Industries, Inc.*, 907 F.2d at 1286 (stating that "whether a specialized tribunal with the necessary expertise has been established to hear the cause of action" is a factor that a bankruptcy court should examine in determining whether to grant relief from an automatic stay). In addition, upon review of the Motion for Determination of Tax Liability, as well as the petition filed by Beane in tax court, the Court agrees with the bankruptcy court's characterization of the issues involved in the tax matter as complex. *See generally* Motion for Determination of Tax Liability; Voluntary Petition at Petition; *see also In re Dees*, 369 B.R. at 677–79 (listing the complexity of the tax issue as a factor that should be considered by a bankruptcy court in determining whether to resolve a debtor's tax liability, pursuant to 11 U.S.C. § 505(a)(1)). Finally, although Beane believes that tax court will not treat him fairly if the matter proceeds to trial in that

---

**8.** In the Initial Brief, Appellant Beane also contends that, at the hearing, the bankruptcy judge erroneously equated him to Marvin Warner, a debtor who filed for bankruptcy shortly before the trial of a securities fraud case that had been filed against him, *See*

Initial Brief at 20–21. Upon review of the transcript from the hearing, the Court finds this argument to be without merit, Notably, the bankruptcy judge merely noted that, like Appellant, Warner filed for bankruptcy on the eve of trial. *See* Excerpt at 10.

court, he has the ability to appeal any decision entered by the tax court. *See In re Universal Life Church, Inc.,* 127 B.R. at 456. In light of the foregoing, the bankruptcy court did not abuse its discretion by determining that the matter of Appellant Beane's tax liability should be resolved by the United States Tax Court.

### IV. Conclusion

Accordingly, upon due consideration, it is hereby **ORDERED:**

1. The bankruptcy court's December 13, 2006, Order Granting United States' Motion for Relief from Stay; Denying Debtor's Motion to Request Determination of Tax Liability Pursuant to Section 505(a) as to the Internal Revenue Service is **AFFIRMED.**

2. The Clerk of the Court is directed to close this case and terminate any pending motions.