By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to
6th Cir. BAP LBR 8024-1(b).  See also 6th Cir. BAP LBR 8014-1(c).

File Name: 21b0006n.06

# BANKRUPTCY APPELLATE PANEL

### OF THE SIXTH CIRCUIT

IN RE:  MICHAEL HORNBACK,

*Debtor*.

MICHAEL HORNBACK,

*Appellant*,

*v.*

POLYLOK, INC.; PETER GAVIN and MICHAEL N. DELGASS, as Trustees of the Peter Gavin Spray Trust,

*Appellees*.

No. 21-8006

Appeal from United States Bankruptcy Court
for the Western District of Kentucky at Bowling Green.
No. 1:20-bk-10794—Joan A. Lloyd, Judge.

Decided and Filed:  November 16, 2021

Before: CROOM, DALES, and WISE, Bankruptcy Appellate Panel Judges.

_____

### COUNSEL

**ON BRIEF:**  Keith J. Larson, SEILLER WATERMAN LLC, Louisville, Kentucky, for Appellant.  Taruna Garg, MURTHA CULLINA LLP, Stamford, Connecticut, for Appellees.

_____

### OPINION

_____

JIMMY L. CROOM, Bankruptcy Appellate Panel Judge.  In this appeal, the debtor, Michael Hornback ("Hornback"), asks the Panel to reverse the bankruptcy court's order granting

Polylok, Inc. and Peter Gavin and Michael N. Delgass, as trustees of the Peter Gavin Spray Trust (collectively, "Polylok"), relief from the automatic stay. The bankruptcy court lifted the stay to allow the United States District Court for the Western District of Kentucky to rule on a motion for injunctive relief ("Injunction Motion") that Polylok had filed in a civil action prior to commencement of the bankruptcy case ("District Court Action"). Hornback did not obtain a stay pending appeal, and, while this appeal was pending, the district court ruled on Polylok's motion in Hornback's favor, denying the Injunction Motion. Following the district court's ruling, the Panel issued an order to show cause allowing the parties an opportunity to address whether this appeal was moot given the outcome in the district court. Hornback filed a response arguing that the appeal is not moot because there is a possibility that Polylok could eventually appeal the district court's order denying injunctive relief. Polylok did not file a response. The Panel is satisfied with its jurisdiction over this appeal.[1] For the reasons that follow, the bankruptcy court did not err in granting relief from the automatic stay. Accordingly, we **AFFIRM** the bankruptcy court's order.

## ISSUE ON APPEAL

The sole issue on appeal is whether the bankruptcy court erred in granting relief from the automatic stay to allow the parties to return to the district court.

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Western District of Kentucky has authorized appeals to the Panel, and no party has timely elected to have this appeal heard by the district

---

[1]In his response to the Panel's Order to Show Cause, Hornback asserts that the district court's order denying injunctive relief is not final pursuant to Federal Rule of Civil Procedure 54 because additional causes of action remain pending. In so doing, Hornback construes the bankruptcy court's order as authorizing resumption of the District Court Action generally, not just the prosecution of the Injunction Motion. The distinction makes no difference in the outcome of this appeal. The Panel notes that pursuant to 28 U.S.C. § 1292(a)(1) "the courts of appeals shall have jurisdiction of appeals from: [i]nterlocutory orders . . . granting, continuing, modifying, refusing, or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court[.]" Accordingly, Polylok likely could have appealed the district court's order denying injunctive relief. The Panel has found no binding precedent answering the question whether a party who chooses not to appeal an interlocutory order denying injunctive relief immediately may then appeal such an order when a case concludes under the doctrine of cumulative finality. This Panel declines to address that issue given the procedural posture of the appeal and the Panel's determination that the bankruptcy court did not err in granting relief from the stay.

court.  28 U.S.C. § 158(b)(6), (c)(1).  Final orders of the bankruptcy court are appealable as of right pursuant to 28 U.S.C. § 158(a)(1).  "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case."  *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501, 135 S. Ct. 1686 (2015)).  The bankruptcy court's order granting relief from the automatic stay is a final, appealable order.  *Id.*

"A bankruptcy court's decision to lift the automatic stay [pursuant to 11 U.S.C. § 362(d)] is reviewed for an abuse of discretion[.]"  *Trident Assocs. Ltd. P'ship v. Metro. Life Ins. Co.* (*In re Trident Assocs. Ltd. P'ship*), 52 F.3d 127, 130 (6th Cir. 1995).  An abuse of discretion occurs "when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard."  *In re Lee*, 467 B.R. 906, 911 (B.A.P. 6th Cir. 2012) (quoting *Kaye v. Agripool, SRL* (*In re Murray, Inc.*), 392 B.R. 288 (B.A.P. 6th Cir. 2008)); *see also Barlow v. M.J. Waterman & Assocs., Inc.* (*In re M.J. Waterman & Assocs., Inc.*), 227 F.3d 604, 607–08 (6th Cir. 2000) ("An abuse of discretion is defined as a 'definite and firm conviction that the [court below] committed a clear error of judgment.'") (citing *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999) (alteration in original)).

## FACTS

Hornback does not dispute the following facts, as recited by the bankruptcy court. (Appellant's Br. at 3 (citing Mem. Op., Bankr. Case No. 20-10794, ECF No. 42 at 2–3).)

> On October 7, 2020, [Hornback] filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code . . . . On Schedule E/F to his Petition, [Hornback] listed Polylok as a general unsecured creditor with a claim in the amount of $433,000.

> Prior to the filing of [Hornback's] Chapter 7 Petition, Polylok had filed suit against [Hornback] and his companies in the District Court on August 29, 2012.  The District Court Action included claims by Polylok against [Hornback] for breach of contract, unjust enrichment and unfair competition against [Hornback's] various companies, and patent infringement and unfair competition against a company with whom [Hornback] did business, Bear Onsite LLC.

> The specific claims raised against [Hornback] by Polylok included allegations that [Hornback] violated a non-compete covenant in an Asset Purchase

Agreement entered by Polylok and [Hornback's] former company, Bluegrass Environmental Septic Technology, LLC ("BEST") by which Polylok purchased BEST's assets. The non-compete covenant prohibited [Hornback] from owning, operating, or being employed by any business which manufactured or sold effluent septic filters for a five[-]year period. Polylok claimed that [Hornback] violated the terms of the non-compete covenant by continuing to manufacture, market and sell effluent filters through several companies owned by [Hornback] and that [Hornback] manufactured filters for Bear Onsite LLC, who sold the filters as their own products.

Following extensive litigation in the District Court Action, on March 9, 2017, the District Court entered summary judgment in Polylok's favor finding that [Hornback] violated the non-compete covenant of the Asset Purchase Agreement. The District Court specifically determined that the non-compete covenant was intended to prevent [Hornback] and other members of BEST from competing with Polylok by either selling or manufacturing effluent septic filters and that based on its findings, [Hornback] had admitted to manufacturing competing filters and had therefore violated the terms of the non-compete covenant.

On September 4, 2020, one month before the Voluntary Petition was filed, Polylok filed a Motion for Judgment of Injunction against [Hornback] seeking, solely, entry of a five year injunction against [Hornback] in lieu of a monetary judgment (referred to herein as the "Injunction Motion") contending it is the only way it can be made whole due to [Hornback's] breach of the non-compete covenant.

On October 20, 2020, following the filing of [Hornback's] Petition, the District Court entered an Order staying the District Court Action pending resolution of the bankruptcy proceeding before this Court. It also denied the Injunction Motion without prejudice.

(Mem. Op. at 2–3.)

Shortly after Hornback filed his bankruptcy petition, Polylok filed a motion to modify the automatic stay to allow the District Court Action to continue and specifically for the district court to address the parties' dispute. The bankruptcy court granted relief from stay, and Hornback timely appealed from that order. On August 25, 2021, the district court held that Polylok was not entitled to injunctive relief and denied the Injunction Motion.

**DISCUSSION**

Upon the filing of a bankruptcy petition, the automatic stay, which is often described as one of "the most fundamental debtor protections in bankruptcy law[,]" halts the continuation of proceedings against the debtor. *In re Tamarack Dev. Assocs., LLC*, 611 B.R. 286, 294 (Bankr. W.D. Mich. 2020) (citations omitted); 11 U.S.C. § 362(a)(1). "The legislative history of § 362 explains that, by stopping 'all collection efforts, all harassment, and all foreclosure actions,' the automatic stay 'gives the debtor a breathing spell from his creditors.'" *Tamarack*, 611 B.R. at 294 (quoting H.R. Rep. No. 95-595 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6296–97). The breathing spell, however, has limits. The Bankruptcy Code provides that the bankruptcy court may grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1).

The decision whether to lift the automatic stay resides within the sound discretion of the bankruptcy court. *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co*. (*In re Laguna Assocs., Ltd. P'ship*), 30 F.3d 734, 737 (6th Cir. 1994) (citation omitted). In determining whether to lift the automatic stay to allow pre-bankruptcy litigation to resume, a bankruptcy court must review the following factors: "1) judicial economy; 2) trial readiness; 3) the resolution of preliminary bankruptcy issues; 4) the creditor's chance of success on the merits; and 5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors." *Garzoni v. K-Mart Corp.* (*In re Garzoni*), 35 F. App'x 179, 181 (6th Cir. 2002) (citing *In re United Imports, Inc.*, 203 B.R. 162, 167 (Bankr. D. Neb. 1996)).

The narrow issue before this Panel is whether the bankruptcy court abused its discretion in modifying the automatic stay to allow the District Court Action to proceed. Hornback's appellate briefs do not tackle this issue directly; his briefs neither address the *Garzoni* factors nor challenge the bankruptcy court's application thereof. Instead, Hornback's arguments concern the "futility" of the Injunction Motion. But the issue on appeal is not whether the Injunction Motion had merit; it is whether the bankruptcy court properly authorized the district court to make this determination. The Panel finds no error in the bankruptcy court's application of the *Garzoni* factors or its decision to modify the automatic stay.

1. Judicial Economy

The judicial economy factor looks at how much time and energy another court has already invested in the proceedings. *Junk v. CitiMortgage, Inc.* (*In re Junk*), 512 B.R. 584, 607 (Bankr. S.D. Ohio 2014) (citing *In re Den Beste*, No. 12–4522, 2013 WL 1703391, at *10 (N.D. Cal. Apr. 19, 2013) (affirming bankruptcy court's order granting relief from automatic stay and noting that, in granting relief from stay, "[t]he bankruptcy court also considered judicial economy in finding that the state courts had invested significant time in adjudicating the issues[.]")). Moreover, judicial economy considers another court's familiarity with the facts and circumstances of the underlying cause of action. *Ewald v. Nat'l City Mortg. Co.* (*In re Ewald*), 298 B.R. 76, 81 (Bankr. E.D. Va. 2002) ("Modifying the stay promotes judicial economy and will not interfere with debtor's bankruptcy case as the state court is familiar with the facts and circumstances of the claims asserted as they have been pending there for almost three years. The conclusion of the state court litigation will assist with the administration of debtor's bankruptcy case as the amount of any claim . . . will be certain.")

In the case on appeal, the bankruptcy court concluded that the judicial economy factor weighed heavily in favor of lifting the stay. The District Court Action had been pending for several years prior to the filing of Hornback's bankruptcy. Further, the bankruptcy court noted that Hornback's "concerns as to whether the Injunction Motion is appropriate, considering that the non-compete covenant expired before the Motion was filed, as well as whether the terms of the non-compete covenant are in accordance with Wisconsin law, are all issues that are more appropriately decided by the District Court," rather than the bankruptcy court. (Mem. Op., Bankr. Case No. 20-10794, ECF No. 42 at 5.)

> Where the stayed non-bankruptcy litigation has reached an advanced stage, courts have shown a willingness to lift the stay to allow the litigation to proceed. The attention paid to the stage to which the non-bankruptcy litigation has progressed is based on the sound principle that the further along the litigation, the more unfair it is to force the plaintiff suing the debtor-defendant to duplicate all of its efforts in the bankruptcy court.

*Int'l Bus. Machs. v. Fernstrom Storage & Van Co.* (*In re Fernstrom Storage & Van Co.*), 938 F.2d 731, 737 (7th Cir. 1991) (internal citations and quotation marks omitted).

2. Trial Readiness

Polylok's Injunction Motion had already been briefed in the District Court Action prior to Hornback's bankruptcy filing. After the bankruptcy court lifted the automatic stay, Hornback and Polylok both filed supplemental responses to the renewed Injunction Motion in the District Court Action and the district court promptly ruled on the motion. The bankruptcy court correctly held that "the posture of the case at the District Court mitigates toward a modification of the automatic stay in order for the District Court to complete the litigation between the parties." (Mem. Op., Bankr Case No. 20-10974, ECF No. 42 at 5.) Hornback did not present any argument or point to any evidence in the record below to establish that the bankruptcy court's conclusion in this regard was clearly erroneous.

3. The Resolution of Preliminary Bankruptcy Issues

One of Hornback's main arguments on appeal is that the bankruptcy court was required to determine the nature of Polylok's claim as a preliminary bankruptcy issue prior to deciding whether to grant relief from the automatic stay. The bankruptcy court noted that generally claims are not determined until assets are distributed. Moreover, the court held that determination of the bankruptcy issue regarding the type of claim Polylok holds "would require a decision on the merits of the nature of the claim for relief sought by Polylok in the Injunction Motion." (*Id.*)

The Sixth Circuit's opinion in *Kennedy v Medicap Pharmacies, Inc.*, 267 F.3d 493 (6th Cir. 2001), supports the bankruptcy court's decision to defer determining the nature of Polylok's claim until after the district court issued a ruling on the Injunction Motion. In *Kennedy*, the debtors sought to discharge an injunction that had been entered following a breach of a non-compete agreement. The Sixth Circuit held that the injunction that had been issued to prevent further violations of the covenant not to compete was not a "claim" that could be discharged in bankruptcy. But, in so doing, the Sixth Circuit noted that analysis of the issue was fact-intensive.

> The majority of bankruptcy courts have held that the right to equitable relief for breach of a covenant not to compete is not dischargeable in bankruptcy. Some cases . . . have held that the right is not a claim because compliance does

not require the expenditure of money. . . . . Others have held that the injunctive right is not a claim because it is available only if the remedy at law is inadequate and there is, therefore, no right to payment arising from the breach. . . . In some cases, the stay was lifted to permit a state court to determine whether monetary damages were adequate. If the state court found injunctive relief was appropriate, then injunctive relief was not construed by the bankruptcy court to be a claim. If the court found that a monetary award was adequate compensation and an injunction was therefore not appropriate, then the plaintiff's entire claim was discharged under 11 U.S.C. § 727(b).

*Id.* at 496–97 (internal citations omitted). In the case on appeal, the bankruptcy court properly determined that the fact-intensive inquiry would be aided by the district court's decision.

### 4. The Creditor's Chance of Success on the Merits

Although the bankruptcy court acknowledged Hornback's assertion that relief from the stay was futile because there was no chance of success on the merits, it did not conduct a full analysis of this *Garzoni* factor. Failure to weigh that factor is not fatal. *See In re Martin*, 542 B.R. 199, 204 (B.A.P. 6th Cir. 2015) ("Neither the bankruptcy court nor this Panel need to reach any determination regarding the [movant's] likelihood of success on the merits of the underlying cause of action. The remaining factors are sufficient to support relief from the automatic stay."); *see also In re Junk*, 512 B.R at 614 ("The Court takes no position on CitiMortgage's chance of success on the merits.")

In his appellate brief, Hornback recognized that the result of the Injunction Motion was not a foregone conclusion, admitting that under some factual circumstances injunctive relief can be granted even after a non-compete agreement has expired. A bankruptcy court is not required to be clairvoyant regarding the movant's chance of success on the merits when determining whether to lift the automatic stay. Further, the fact that Polylok was unsuccessful in seeking an injunction from the district court does not change the Panel's analysis of this factor. The bankruptcy court's decision to grant relief from stay was not an exercise in futility. Similarly, Hornback's contention that the bankruptcy court improperly "neglected its jurisdiction" is without merit. The bankruptcy court expressly noted that "[o]nce the District Court makes its decision on the merits of the matters before it, if there is a 'claim' by Polylok against this estate, this Court stands ready to resolve whatever dispute still exists." (Mem. Op., Bankr. Case

No 20-10794, ECF No. 42 at 5.)  The district court's order denying the Injunction Motion provides information that will aid the bankruptcy court in future determinations regarding the nature and dischargeability of Polylok's claim.

    5.  <u>The Cost of Defense or Other Potential Burden to the Bankruptcy Estate and the Impact of the Litigation on Other Creditors</u>

On appeal neither party asserted that allowing the Injunction Motion to proceed in the district court would create an undue burden to the bankruptcy estate or unfairly impact other creditors.  Thus, the Panel need not review this factor.

**CONCLUSION**

The bankruptcy court properly utilized the *Garzoni* factors to determine whether relief from the automatic stay was warranted.  The bankruptcy court's order lifting the automatic stay was within the bankruptcy court's sound discretion and is AFFIRMED.